## Case No. 5,748.

GREELEY et al. v. SMITH et al.

[3 Story, 657.] [1]

Circuit Court, D. Maine. May Term. 1845.

CORPORATION — SURRENDER OF CHARTER — ABATEMENT OF SUIT.

Where, during the pendency of a suit, a corporation surrenders its charter, which is accepted by the legislature, it becomes defunct, and the suit abates, unless the legislature, by some act, saves the right of action against the corporation.

[Quoted in First Nat. Bank of Selma v. Colby, 21 Wall. (88 U. S.) 615; Kelley v. Mississippi Cent. R. Co., 1 Fed. 569; Devereaux v. City of Brownsville, 29 Fed. 750.]

[Cited in Sturges v. Vanderbilt, 73 N. Y. 390; City Insurance Co. of Providence v. Commercial Bank of Bristol, 68 Ill. 350; Attorney General v. Chicago & E. R. Co., 112 Ill. 534, 538; McCartney v. Chicago & E. R. Co., Id. 621.]

[This was an action at law by Philip Greeley and others against Joseph Smith and the Exchange Bank.]

This case was formerly before the court upon a plea to the jurisdiction, which having been overruled, Rand for the defendants suggested, that by an act of the legislature of Maine, passed on the 7th of ——, 1840, the surrender of its charter by the Exchange Bank (one of the defendants,) was accepted, and thereupon it was declared, "that the same shall terminate when the act shall take effect;" and it was further enacted, that "the bank shall continue its corporate capacity during the term of two years from the time this act shall take effect, for the sole purpose of collecting the debts due to the corporation, selling and conveying the property, and estate thereof, and shall remain liable for the payment of all debts due from the same, and shall be capable of prosecuting and defending suits at law, and for choosing directors for the purposes aforesaid, and for closing its concerns." The act took effect from and after the sixth of April, 1840; and the two years expired after the sixth of April, 1842. The question, therefore, was, whether the suit could be further continued as to the Exchange Bank, and what was to be done, as to future proceedings.

Fessenden & Deblois, for plaintiffs.
Mr. Rand, for defendants.

STORY, Circuit Justice. The question comes shortly to this, that, during the pendency of the suit, the corporation becomes extinct by a voluntary surrender of its charter, and an acceptance of the surrender by the legislature. Under such circumstances it is asked, what is to be done, the corporation being defunct by operation of law? It was certainly a very unwise act for the legislature to accept a surrender of the charter, and not at the same time to save the rights of action of third persons against the corporation, and to continue the existence of the corporation quoad such rights. But the same case would have occurred, if upon a quo warranto a final judgment had passed against the corporation, declaring its franchises and privileges forfeited, and decreeing a seizure and resumption of the same by the government. Many of our banks are, by law, limited to a term of years for their corporate existence, and if there is no saving when the term expires, the corporation is de facto dead. Now I cannot distinguish between the case of a corporation and the case of a private person, dying pendente lite. In the latter case, the suit is abated at law, unless it is capable of being revived by the enactments of some statute, as is the case as to suits pending in the courts

---

[1] [Reported by William W. Story, Esq.]

of the United States, where, if the right of action survives, the personal representative of the deceased party may appear, and prosecute or defend the suit. Judiciary Act 1789, c. 20, § 31 [1 Stat. 91]; 2 Tidd, Pr. (9th Ed. 1828) 932; Com. Dig. "Abatement," H. 32–35. No such provision exists as to corporations; nor, indeed, could exist, without reviving the corporation pro hac vice; and therefore, any suit pending against it at its death abates by mere operation of law. It seems to me, therefore, that the attorney for the corporation may well suggest the death of the corporation by plea or otherwise on the record, and if the fact is admitted, the suit as to the corporation will abate by operation of law, and render all farther proceedings against it void.

[NOTE. In Case No. 5,747 the plaintiffs moved to amend their writ by striking out the names of certain officers of the Exchange Bank in order to give the court jurisdiction. The motion was granted. In Case No. 5,749 the other defendant filed a plea of a former judgment in bar, to which plea there was a demurrer and joinder. The demurrer was allowed and the case ordered to trial. The question was submitted to the court upon the findings of the jury, who gave judgment in favor of the plaintiffs for the value of the Alfred, secured in a certain bottomry bond under consideration. Id. 5,750.]