### HUDSON v. LIMESTONE NATURAL GAS CO.

(Circuit Court, W. D. Pennsylvania. September 13, 1904.)

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS AFTER DISSOLUTION—TORTS OF CORPORATIONS.

In the absence of statutory authority therefor, stockholders of a dissolved corporation cannot be held individually liable for damages caused by an act of negligence of the corporation committed in the conduct of its business before dissolution.

Sur Rule upon Stockholders Granted January 30, 1904.

A. O. Fording, for complainant.

Orr Buffington, for respondent.

ACHESON, Circuit Judge. This suit originated in the District Court, sitting in admiralty, and has come into the Circuit Court by certificate, under the provisions of section 601 of the Revised Statutes [U. S. Comp. St. 1901, p. 484], on account of the personal relation to the case of the District Judge. The libel, which is in personam against the Limestone Natural Gas Company, was filed by J. S. Hudson on October 10, 1902. The return of the marshal shows service of process of the District Court upon the secretary of the defendant company on October 14, 1902. The libel sets forth that the defendant company is a corporation of the state of Pennsylvania, domiciled in the county of Armstrong, and, by virtue of the powers vested in it by its charter, was engaged in the year 1899 in the business of conveying natural gas for use as fuel from gas fields lying eastwardly of the Allegheny river to consumers living on the westwardly side of that river, and, in the prosecution of its business, constructed and maintained a pipe across the Allegheny river, laid upon the bed of the river, and fixed in place by iron stakes and hooks; and the libel charges that one of these stakes had been so carelessly and negligently set in place that it projected an unnecessary distance above the pipe, or had become loosened and worked out of place, and that the libelant's steam vessel, Nellie Hudson, No. 3, on May 15, 1899, in navigating the river, ran against this stake so negligently placed or maintained, and sustained injury, and for the damages so sustained this suit was brought.

The defendant company was a corporation created under and by virtue of the laws of Pennsylvania. Before the commencement of

this suit, namely, on March 17, 1902, application by petition had been made by the said corporation to the court of common pleas of Armstrong county (the court of proper jurisdiction) for a dissolution, under the Pennsylvania act of Assembly of 9th April, 1856 (P. L. 293), and on this application a decree was entered by that court on May 5, 1902, dissolving the corporation. The act of 1856 provides that a decree for the dissolution of a corporation shall not go into effect until a certified copy thereof shall be filed in the office of the secretary of the commonwealth, and that was not done in this case until August 27, 1903. The libelant, in and by his petition filed herein on January 30, 1904, suggested that the defendant corporation had been dissolved in the manner aforesaid, and further set forth that J. H. McKane, R. McCollough, R. P. Marshall, H. H. Weylman, Orr Buffington, Thos. McConnell, C. J. Jessop, E. T. McGivern, T. M. Allison, and Boyd S. Henry were members of the said corporation both at the time when the present cause of action accrued, and at the time of the said dissolution; and on the libelant's motion a rule was granted upon the said named persons to show cause "why the said suit should not stand against them, and each of them, and why damages in the said suit should not be assessed and recovered against them, and each of them, instead of the said corporation." Thereupon the named persons, appearing by counsel only and solely for the purpose of contesting the right of the libelant to maintain the said rule, moved the court to vacate and discharge the same. The case has been heard by the court upon this rule and the motion to vacate it.

The libelant presses this rule upon the supposition that by the dissolution of the defendant corporation this suit "is abated so far as the corporation as such is concerned," citing in support of this view the following federal decisions: Greeley v. Smith, 3 Story, 657, Fed. Cas. No. 5,748; Mumma v. The Potomac Company, 8 Pet. 281, 8 L. Ed. 945; National Bank v. Colby, 21 Wall. 609, 22 L. Ed. 687; Pendleton v. Russell, 144 U. S. 640, 12 Sup. Ct. 743, 36 L. Ed. 574. But assuming that the suit against the corporation defendant could not be maintained, or that it has abated, by reason of the dissolution of the corporation, does it follow that the individual members who were stockholders of the dissolved corporation can be substituted or added as defendants in this suit, and charged personally with the damages which the libelant here claims? Notwithstanding the earnest and very ingenious argument of the learned counsel for the libelant, I am not convinced that the libelant is entitled, under this rule, to any relief against stockholders. The charter of this corporation did not subject the stockholders to personal liability for this cause of action. No such liability is imposed upon the stockholders either by the general corporation law of Pennsylvania, or by the act of May 29, 1885 (P. L. 29), under which this corporation was created. Indeed, the libelant does not allege any statutory individual liability. The argument in behalf of the libelant assumes that the case is determinable upon common-law principles. But the decisions cited do not, I think, sustain the conclusion urged by the libelant. The exemption of the individual cor-

porate member from personal liability upon such a claim against the corporation as is here sued for is a fundamental principle in the general law governing corporations. The cause of action here is simply corporate negligence by the defendant company in conducting its legally authorized business. The stockholders against whom the libelant seeks a personal decree had no direct individual connection with the alleged negligent act complained of. No doubt, the libelant, if he has a valid claim, has an equitable right to resort to the assets of the dissolved corporation. But under the law of Pennsylvania those assets are to be administered by the court of common pleas, which, before this suit was brought, acquired a jurisdiction and decreed corporate dissolution. None of the corporate assets are in the hands of, or under the control of, individuals against whom this rule was taken. Moreover, the purpose of this rule is not to reach corporate assets, but to obtain a decree against corporators individually, based upon a supposed personal liability.

The rule granted on January 30, 1904, at the instance of the libelant, must be discharged, and it is so ordered.