Forcite Powder Company, Defendant in Error, v. W. L. Herdien, Plaintiff in Error.

Gen. No. 15,638.

1. DISMISSAL—*when denial of motion for failure to file cost bond proper.* Such a motion made upon the calling of the cause for trial comes too late and is properly denied.

2. FOREIGN CORPORATIONS—*when though dissolved may maintain action in this state.* A foreign corporation though dissolved except for certain purposes, such as the bringing of suits, may maintain actions in this state, and the laws of a sister state in that respect will be enforced. The statute applying to the time within which domestic corporations after dissolution may bring suits is not applicable, at least in the absence of evidence that the foreign corporation in question had been doing business in this state.

Error to the Municipal Court of Chicago; the Hon. JOHN H. GILLAN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 1, 1911.

CHARLES W. ESPEY, for plaintiff in error.

ELBERT C. FERGUSON, for defendant in error; EDWARD L. ENGLAND, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

This suit was brought by the defendant in error, hereinafter called plaintiff, in the Municipal Court, in November, 1908, against plaintiff in error, hereinafter called defendant, on a judgment recovered before a justice of the peace in a cause tried before a jury in Jasper county, Missouri. The cause was submitted to the court, who found for the plaintiff and entered judgment for $108.95.

The defendant argues two propositions as grounds for reversal:

First: That the court denied a motion to dismiss because of a failure to file a bond for costs under the statute applying to non-resident plaintiffs.

No motion was made for a rule on plaintiff to file a bond

for costs, and the motion to dismiss for failure to file said bond was made, as nearly as we can determine from the record, on the calling of the case for trial. The motion at that time came too late. Wilkinson v. Cox, 228 Ill. 308.

Second: That the plaintiff was a foreign corporation, dissolved almost four years prior to beginning this suit, and under our statute should not be permitted to maintain the action.

The evidence showed that the plaintiff was a New Jersey corporation and it had been dissolved by its voluntary act in April, 1905. The Illinois Statute on Corporations, section 10, provides that: "All corporations organized under this law whose powers may have expired by limitation or otherwise, shall continue their corporate capacity during the term of two years for the purpose only of collecting the debts due said corporation, and selling and conveying the property and effects thereof." Section 26 provides in part: "Foreign corporations * * * doing business in this State shall be subjected to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this State, and shall have no other or greater powers." It is urged that it would be giving a foreign corporation other and greater powers than domestic corporations, contrary to said section 26, to permit this action to be maintained. There is no evidence that the plaintiff was, or had been, doing or attempting to do, any business in this State, and in the opinion of the court, section 26 is not in point. The statute of New Jersey on Corporations provides in part as follows:

"All corporations, whether they expire by their own limitation or be annulled by the legislature or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established."

Under that statute the corporate body, the plaintiff, is alive, and continued a corporate entity for the purpose of bringing this or any other suit, to settle or close its affairs.

The law of this State extends the life of a corporation for two years for similar purposes, so it cannot be properly said it is against the public policy of this State to hold that the plaintiff is, under the New Jersey statute, a corporation for the purpose of maintaining this suit. We think that it is a necessary and wise public policy that continues the life of a corporation for the purpose of prosecuting and defending suits for the purpose of winding up its affairs.

In Canning Co. v. Brokerage Co., 213 Ill. 561, while not precisely in point, it is held that the Michigan statute extending the life of a corporation three years to wind up its affairs, is in harmony with the policy of this State, and it is there said: "One state or nation will recognize and execute the laws of another through comity, when such execution is not against the public policy of the former state."

It appearing that the law of New Jersey continuing the life of a corporation to bring suits to settle its affairs is not against the public policy of this State through comity, the said law is recognized and the judgment is affirmed.

*Affirmed.*