# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 30, 1912.

ISAAC R. TRIMBEL, ET AL.,
VS.
THE AMERICAN CASUALTY & SECURITY COMPANY OF BALTIMORE CITY, ET AL.

*Chas. J. Bonaparte* and *Thomas Mackenzie* for Jno. M. Glover.

*D. K. Este Fisher* for receivers.

BOND, J.—

It appears that prior to the appointment of any receivers for the defendant corporation, the American Casualty Company, suit to recover damages for libel was entered against it in the State of Missouri by John M. Glover, and a judgment for $27,000 was recovered by the plaintiff. An appeal was taken by the corporation.

Receivers pendente lite were appointed by this court in February, 1894, and under an order of February 7, 1894, those receivers took charge of the appeal and prosecuted it in the Supreme Court of Missouri. While that appeal was pending, still undecided by the court, the Casualty Company was, by further decree of this court, on January 24, 1895, under and in accordance with the Maryland statutes then in force, governing the dissolution of corporations (Act 1868, Ch. 471, Sec. 185, Code 1904, Art. 23, Sec. 376) dissolved; and the previous receivers were continued and reappointed. Later, in October, 1895, the Supreme Court of Missouri reversed the judgment in favor of Glover and remanded the case for a new trial. The attorney who had prosecuted the appeal applied for and obtained time sufficient to enable him to communicate with his employers. Thereafter this court passed an order, November 8, 1895, directing the receivers to resist the claim on its new trial, but later, November 18, 1895, rescinded that order altogether, and directed that the receivers enter no appearance and take no action in the suit. And the attorney in Missouri thereupon withdrew his appearance, and took no further part.

Judgment was entered by default in favor of Glover for $150,000, and claim based upon it, with a transcript of the records, was filed in these proceedings. On the 21st day of June, 1897, an order was passed directing the auditor to exclude the claim unless cause to the contrary should be shown by Glover. Glover filed his answer, and the matter has now come before the court for hearing and decision.

When a corporation is dissolved it has come to an end; the existence of the artificial person or entity created under one set of legislative provisions has been terminated under another. And according to the doctrine adopted by the authorities, any judgment entered against the corporation thereafter is a judgment against no one, and a nullity.

"It is perfectly well settled that a suit can no more be prosecuted and a judgment recovered against a dead corporation than against a dead man."

Ordway vs. Central Nat. Bank, 47 Md., 238.

All suits previously pending against the corporation were therefore prior to the most recent statutes treated as abated by dissolution.

This was the common law rule, and it was adhered to after the adoption in this and other States of statutes providing machinery for the collection and distribution of the assets of the defunct corporation. The case of Ordway vs. Central Natl. Bank, just quoted, was decided in 1877; after the passage of the dissolution statute of 1868. And the decisions of the courts of New York upon a statute in the same words, and from which the Maryland statute was copied, agree in this decision. It has been, indeed, a rule of law generally adopted.

Sturges vs. Vanderbilt, 73 N. Y., 384.

People vs. Knickerbocker Life Ins. Co., 106 N. Y., 623.

People vs. Mercantile Cr. Guarantee Co., 65 App. Div., 306.

Hudson vs. Limestone Natural Gas Co., 132 Fed., 410.

Pendleton vs. Russell, 144 U. S., 640.

National Bank vs. Colby, 21 Wall., 609, 615.

It is urged by the claimant that this common law rule was not continued in force here without qualification; that, on the contrary, the Maryland statute of 1868 expressly provided for the continued prosecution of suits against the corporation after dissolution, and the entry of final judgment or decree against it. And it is argued that the final judgment against this corporation was obtained and entered in Missouri in conformity with the provision of the statute.

Section 197, Chap. 471, Acts 1868; Code 1904, Sec 389 of Art. 23, which was the statute in force at the time of this dissolution, provided:

"The court in which any suit or proceeding against a corporation which shall have been dissolved by the expiration of its charter or otherwise, shall be pending at the time of such dissolution shall have power, on the application of either party thereto, to make an order for the continuance of such suit or proceeding, and the same may thereafter be continued until final judgment or decree shall be had therein, which shall have the like effect upon the rights of the parties, as if such corporation had not been dissolved."

The statute simply empowered a court to pass an order for the continued prosecution of the suit; and there was no such order with relation to the Glover suit passed either in Maryland or Missouri.

I have been unable to agree that the "continuance" of suit provided for in the statute may be interpreted as a putting off of trial, as argued on behalf of the claimant. The continuance is to be, specifically, "until final judgment of decree," and obviously there could be no putting off of trial until that event. This being true, it is impossible to make out of the order of the lower court in Missouri granting a delay of the new trial for ten days, a continuance of the suit in conformity with the statute in question.

I think it questionable whether this statutory provision can be construed to have granted power to pass orders to any courts outside the State of Maryland, and questionable whether it intended the further defense of suit other than by the substitution of the receivers or the trustees who, under the preceding sections of the statute, must in every instance have been placed in charge of the corporation's property and affairs upon dissolution. These points do not need to be decided, in view of the fact that no order was passed in pursuance of this statutory provision, as has been stated.

And for the same reason it seems unnecessary to decide the more difficult question whether in any event this section intended to authorize the continued defense of a mere personal action, especially one for libel, in view of the rule expressed in the maxim actio personalis moritur cum persona, which has not otherwise been specifically abrogated with reference to corporations. The New York decisions show a difference of opinion on that question.

It being held that the suit has not been kept alive under the statute, we fall back upon the rule of the authorities that the action abated with the dissolution, and that the judgment upon which this claim is made is a nullity. This being so, the claim cannot be allowed. And this conclusion seems to be in accordance with decisions of New York and elsewhere upon closely similar facts. There appear to be no such decisions in Maryland.

People vs. Knickerbocker Life Ins. Co., 106 N. Y., 623.

Suit was entered in the Circuit Court of the U. S. for the Eastern District of Tennessee against a New York corporation, and judgment was recovered against the defendant. An appeal was taken to the United States Supreme Court. Before the appeal was heard the corporation was dissolved and a receiver was appointed, all under the New York dissolution statutes, which were the same as those in force in Maryland in 1893 and 1895. The receiver on dissolution prosecuted the appeal in the Supreme Court, without any order of court to make the fund liable; and the judgment was reversed and a new trial awarded. The receiver then withdrew from the case in the lower court. Judgment was rendered against the corporation by default, and claim was made upon it in the dissolution proceedings in New York. It was denied, however; the Court of Appeals holding that the funds in the receiver's hands for distribution had in no way been made liable for the claim, and that the judgment was a nullity.

To the same effect are:

Rodgers vs. Insurance Co., 148 N. Y., 34.

Pendleton vs. Russell, 144 U. S., 640.

Another similar decision, later than the above, and reviewing them all, gives a clear statement of the law.

People vs. Mercantile Credit Guarantee Co., 65 App. Div., 306 (1901).

Before the dissolution of the corporation, which had been created in New York, suit had been entered against it in Illinois for $12,000 dam-

ages. Upon dissolution of the defendant its attorneys in Illinois withdrew their appearance, and subsequently the case proceeded to judgment without defense, judgment being, of course, recovered against the defendant. The plaintiffs then brought their judgment from Illinois and filed claim upon it in the New York dissolution proceedings; but the claim was disallowed. Ingraham, J., said: "It is quite clear that the court of Illinois obtained jurisdiction over the defendant corporation by its appearance in the action in the State of Illinois, and that had the judgment been entered prior to the dissolution of the corporation no question could have been presented as to its binding effect as establishing the claim sued on in that action. There can also, I think, be no question but that upon the dissolution of a corporation, as upon the death of a natural person, the jurisdiction of any court over such a corporation ends. * * * There was in effect no defendant; the debtor had ceased to exist; its property had passed to others; its power of defending a suit or of doing any act was at an end; authority to attorneys and agents to act for it was revoked; and any judgment which purported to be against such a dissolved corporation, entered after its dissolution, was not a judgment against that corporation, because when the judgment was sought to be entered no such corporation existed. * * * That a judgment entered on a verdict rendered after the dissolution of the corporation has no force out of the jurisdiction in which it was rendered, seems to me to be established by the uniform course of authorities, certainly in the courts of this State and in the Supreme Court of the United States."

Insurance Comm. vs. United Fire Insurance Co., 22 R. I., 377, 380.

"Moreover, it seems to be well settled that where the proceeding is a statutory one, as is the case here, and it is instituted to dissolve the corporation and wind up its business, and a judgment of dissolution or forfeiture is pronounced and a receiver appointed, it works an abatement of all pending actions against the corporation; and unless revived under some statutory remedy, all further proceedings against the corporation are void."

An order disallowing the claim will be signed.