MARTIN J. SINNOTT, Appellant, v. JOHN H. HANAN, Respondent.

Corporations — attachment against foreign corporation doing business in this state — action on undertaking given to discharge attachment — when action against foreign corporation did not abate because corporation was dissolved under laws of the foreign state — matters of practice in action against foreign corporation regulated by laws of this state.

1. The existence and the powers of any foreign corporation coming into this state to do business are at all times subject to the law of its creation and of its domicile, and, additionally, to our laws relating to it, and the terms laid down by our legislature as conditions of allowing it to transact business here. Hence, the provisions of the statutes of another state, relating to the creation and dissolution of business corporations organized and doing business under the laws of that state, are entitled to recognition and enforcement by the courts of this state.

2. This action is on an undertaking, given by the defendant herein, to discharge an attachment levied upon property of a foreign corporation in an action by this plaintiff against such corporation, and the defense herein is that before judgment was recovered in the attachment case, the corporation had been dissolved pursuant to the statutes of the foreign state. By the General Corporation Act

of that state it is provided, however, that dissolved corporations shall be continued as bodies corporate for the purpose of prosecuting and defending actions, by or against them, pending at the time of their dissolution. *Held*, that the rule of the common law that the dissolution of a corporation abates actions pending against it is modified by that statute; that, therefore, the action of the plaintiff against the corporation did not abate; and that the judgment therein was valid and the undertaking therein is enforceable in this action.

3. The Corporation Act of the foreign state also provides that no judgment shall be entered in actions against dissolved corporations except upon notice to the trustees or receivers thereof. It is found by the trial court that no notice was given to the trustees or receivers of the defendant corporation prior to entry of the judgment against it. *Held*, immaterial; that the form of the action and the method of procedure are matters of practice which are fixed and governed by our own laws.

*Sinnott* v. *Hanan*, 156 App. Div. 323, reversed.

(Argued March 19, 1915; decided April 13, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 25, 1913, upon an order reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*De Witt Bailey* for appellant. Notwithstanding the so-called dissolution, the Expanding Tread Company remained a corporate entity capable of being sued in the courts of this state to the same extent as before the dissolution. (N. J. Corp. Law, § 53; *U. S. Vinegar Co.* v. *Schlegel*, 143 N. Y. 537; *Demarest* v. *Flack*, 128 N. Y. 205; *American Surety Co.* v. *Great White Spirit Co.*, 58 N. J. Eq. 526; *Camp* v. *Taylor*, 19 Atl. Rep. 968; *Hould* v. *Squire & Co.*, 79 Atl. Rep. 282; *Gen. Railway Signal Co.* v. *Cade*, 122 App. Div. 106; *O'Reilly, Skelly & Fogarty Co.* v. *Greene*, 18 Misc. Rep. 425; 17 Misc.

Rep. 302; *Hamilton* v. *Accessory Transit Co.*, 26 Barb. 46; *Murray* v. *Vanderbilt*, 39 Barb. 140; *Pomeroy* v. *Indiana Bank*, 68 U. S. 23; *Singer* v. *Talcott Stone Co.*, 176 Ill. 48; *Kelly & Jones Co.* v. *Hooker*, 178 Fed. Rep. 71.) The Appellate Division erred in failing to give any effect to this statute, assuming that the dissolution was the usual common-law dissolution, which put the corporation out of existence for all purposes. (*Hould* v. *Squire & Co.*, 79 App. Div. 282.)

*Louis S. Headley* and *Edwards H. Childs* for respondent. At common law the dissolution of a defendant corporation or a revocation of its charter pending suit operates to abate the suit, and all proceedings taken therein after such dissolution or revocation are absolutely void. (*Pendleton* v. *Russell*, 144 U. S. 640; *McCulloch* v. *Norwood*, 58 N. Y. 562; *National Bank* v. *Colby*, 21 Wall. 609; *Sturges* v. *Vanderbilt*, 73 N. Y. 384; *People* v. *K. L. Ins. Co.*, 106 N. Y. 619; *Matter of Palmer*, 115 N. Y. 493; *Rodgers* v. *Ins. Co.*, 148 N. Y. 34.) All questions with respect to the continuance or revival of actions that are pending against corporations at the time of their dissolution relate to the remedy and must be determined by the law of the forum. The validity of the judgment entered against the Expanding Tread Company in the state of New York, therefore, must be determined by the law of that state. (*Union Nat. Bank* v. *Chapman*, 169 N. Y. 538; *Sturges* v. *Vanderbilt*, 73 N. Y. 384; *Hould* v. *Squire & Co.*, 79 Atl. Rep. 282; *U. S. Bank* v. *Donnelly*, 8 Pet. 360; *N. P. R. R. Co.* v. *Babcock*, 154 U. S. 190; *B. & O. R. R. Co.* v. *Joy*, 173 U. S. 226; *Rodgers* v. *Ins. Co.*, 148 N. Y. 34; *People* v. *M. C. G. Co.*, 65 App. Div. 306.) If, however, the New Jersey statutes did govern the case at bar it would make no difference because the plaintiff did not comply with the conditions thereof. (*Wamsley* v. *Horton & Co.*, 12 App. Div. 312; *McCulloch* v. *Norwood*, 58 N. Y. 562; *Fitz-*

*gerald* v. *Quann*, 109 N. Y. 441; *Dean* v. *M. E. R. Co.*,
119 N. Y. 540.)

COLLIN, J. The action is upon an undertaking exe-
cuted by the defendant to discharge an attachment of
property levied under a warrant of attachment issued in
an action of the plaintiff here against the Expanding
Tread Company, a corporation organized under the laws
of New Jersey. By the undertaking the defendant did
" undertake, pursuant to the statute in such case made
and provided, in the sum of two thousand dollars, that
the defendant (in that action) will, on demand, pay to the
plaintiff (therein) the amount of any judgment which
may be recovered in the action against the defendant,
The Expanding Tread Company, not exceeding the
above-mentioned sum, with interest." A judgment
against the company was recovered June 8, 1910, for two
thousand one hundred and fifty dollars and sixteen cents
and had not been paid.

The principal defense to the present action is, that the
company was dissolved, as authorized by a statute of the
state of New Jersey, prior to the recovery of the judg-
ment against it of June 8, 1910, and subsequent to the
commencement of the action in which it was recovered;
hence, the judgment was void.

A statute, chapter 159 of the Laws of New Jersey for
the year 1884, as amended and supplemented, provided,
as found by the trial court: " If any corporation hereto-
fore or hereafter created shall for two consecutive years
neglect or refuse to pay the state any tax which has
been or shall be assessed against it under any law of this
state and made payable into the state treasury, the char-
ter of such corporation shall be void, and all powers con-
ferred by law upon such corporation are hereby declared
inoperative and void  *  *  *." It further provided
that the state comptroller should report to the governor
the delinquent corporations and that " the governor shall

forthwith issue his proclamation, declaring under this act of the legislature that the charters of these corporations are repealed." The Expanding Tread Company was reported by the state comptroller as a delinquent corporation, and in 1904 the governor of New Jersey duly issued his proclamation declaring under the statute that the charter of the company was repealed. The regularity and the validity of the proclamation was stipulated by the parties and found by the trial court, and if additional and other facts had not been proven and found the defense would be securely established, because the common law abates at the dissolution of a corporation all actions pending against it. (*McCulloch* v. *Norwood,* 58 N. Y. 562; *Sturges* v. *Vanderbilt,* 73 N. Y. 384; *Greeley* v. *Smith,* 3 Story, 657.) The Corporation Act of New Jersey contained, however, a section (§ 53) as follows: "All corporations, whether they expire by their own limitation or be annulled by the legislature or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them to settle and close their affairs, to dispose of and convey their property, and to divide their capital, but not for the purpose of continuing the business for which they were established." Inasmuch as this section relates to and regulates the corporate existence and power, it has extraterritorial operation and effect, even as had the statute under which the corporation was created and which was a part of its charter and the law of its existence. (*Relfe* v. *Rundle,* 103 U. S. 222; *Michigan State Bank* v. *Gardner,* 15 Gray, 362.) The existence and the powers of any foreign corporation coming into this state to do business are at all times subject to the law of its creation and of its domicile and, additionally, to our laws relating to it, and the terms laid down by our legislature as conditions of allowing it to transact business here. (*Bank of Augusta* v. *Earle,* 13 Peters, 519, 588, 589; *Demarest* v. *Flack,* 128 N. Y. 205;

*Hoyt* v. *Thompson's Executor*, 19 N. Y. 207.) The sections we have quoted are, therefore, entitled to recognition and enforcement by the courts of this state. They apparently and under authority (*American Surety Co.* v. *Great White Spirit Co.*, 58 N. J. Eq. 526) are parts of a legislative scheme respecting corporations, are in *pari materia* and to be construed together. Their effect was to continue the life of the corporation as to its capacity to prosecute and defend suits by or against it, to settle and close its affairs, to dispose of and convey its property and to divide its capital, and to destroy its capacity and existence in all other respects and for all other purposes. Under them the action did not abate, because as to it the corporate existence was not affected. The corporation remained the defendant, with its power and authority to defend existent and unlessened. The question of reviving the action is, therefore, not in the case. (*Pomeroy's Lessee* v. *State Bank of Indiana*, 1 Wall. [U. S.] 23; *Hould* v. *Squire & Co.*, 81 N. J. L. 103; *Metropolitan Rubber Co.* v. *Place*, 147 Fed. Rep. 90; *Thornton* v. *Marginal Freight Ry. Co.*, 123 Mass. 32; *Singer & Talcott Stone Co.* v. *Hutchinson*, 176 Ill. 48.)

The Corporation Act of New Jersey contains a section (§ 59) which the respondent invokes, and which is: "Any action, now pending or to be hereafter begun, against any corporation which may become dissolved, before final judgment, shall not abate by reason thereof, but no judgment shall be entered therein except upon notice to the trustees or receivers of the corporation." A finding of the trial court was, "that there is no evidence that any notice was given to the trustees or receivers of said Expanding Tread Company prior to the entry of said alleged judgment." It is sufficient to say that the form of the action and the method of procedure are matters of practice which are fixed and governed by our own laws.

The failure of the corporation to pay, on demand, the amount of the judgment was found in and by the finding,

based upon evidence, that the execution duly issued upon it to the sheriff of New York county, the principal place of business of the corporation as designated by its certificate filed with the secretary of state of New York, pursuant to the statute, was returned wholly unsatisfied.

Our conclusion is, the rule of the common law that the dissolution of a corporation abates actions pending against it was modified by the section 53, that the action of the plaintiff against the corporation did not abate and the judgment therein was valid and the undertaking enforceable.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs to the plaintiff in the Appellate Division and this court.

WILLARD BARTLETT, Ch. J., CUDDEBACK, HOGAN, MILLER, CARDOZO and SEABURY, JJ., concur.

Judgment reversed, etc.