R. H. Perry and Lucius B. Phelps, Appellants, v. Western Motor Car Company, Appellee.

Gen. No. 37,584.

 Opinion filed February 13, 1935. Rehearing denied February 25, 1935.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, of Chicago, for appellant R. H. Perry; KENNETH M. FISKE and ALFRED E. WILLISTON, both of Chicago, of counsel.

ARTHUR A. BASSE, of Chicago, for appellant Lucius B. Phelps.

LEDERER, LIVINGSTON, KAHN & ADLER, of Chicago, for appellee; SIGMUND LIVINGSTON and LEO H. ARNSTEIN, both of Chicago, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The plaintiffs, R. H. Perry and Lucius B. Phelps, brought their action in the circuit court against the defendant, Western Motor Car Company, a corporation, to recover rent for the months of January to October, 1931, inclusive, for the premises situated at the corner of Twenty-fifth street and Michigan avenue, Chicago, Illinois. A jury was waived and the cause heard by the court. At the end of plaintiff's case, on motion of defendant, the court made its finding and entered judgment thereon in favor of the defendant. From this judgment plaintiffs have appealed to this court.

From the record it appears that on November 6, 1919, one Arthur T. Aldis and others, as trustees, and owners of the premises in question, entered into a written lease with Robert H. Perry and Harry Newman, as lessees to the premises in question. The lease provided for a monthly rental of $900 and was to run until 1940. February 17, 1920, Robert H. Perry and Harry Newman subleased the premises in question to the Kelly-Springfield Motor Truck Company, an Ohio corporation, to begin June 1, 1920 and end May 27, 1940. The rental was to be $1,300 per month. At the time this sublease was entered into between Robert H.

Perry and Harry Newman and the Kelly-Springfield Motor Truck Company, a deposit was made by the sublessees in the amount of $15,600 to secure the performance of the terms of the lease and was to be considered as the rental for the last year of the term.

July 23, 1920, the Kelly-Springfield Motor Truck Company subleased the premises in question to the Western Motor Car Company, an Illinois corporation, and defendant to this suit. This sublease was for a term commencing on the first day of October, 1920 and ending on the 26th day of May, 1940, at a rental of $1,300 per month.

The Kelly-Springfield Motor Truck Company had qualified to do business in the State of Illinois as a foreign corporation on the 28th day of July, 1913, and on November 15, 1926, its license to do business in Illinois was canceled and the certificate of cancellation recorded in the office of the recorder of deeds of Cook county.

In the year 1926, Harry Newman, one of the sublessees from the owner of the fee and one of the sublessors to the Kelly-Springfield Motor Truck Company, assigned all his interest in and to said lease to Robert H. Perry and Lucius B. Phelps. At the time the Kelly-Springfield Motor Truck Company subleased to the defendant, Western Motor Car Company, it instructed the defendant to pay all rents under the lease to Hall & Ellis, a rental agency located in Chicago, and from that time on the rent was so paid by the defendant and Hall & Ellis in turn paid the owner of the fee under the ground lease the amount called for by the original lease, and the balance was paid to Perry and Newman, and after the assignment of Newman's interest to Perry and Phelps. No rent was paid by the defendant to any person after December, 1930.

In December, 1922, certain proceedings were brought by the Bankers Trust Company of New York against

the Kelly-Springfield Motor Truck Company, in the Court of Common Pleas of Clark county, Ohio, and one Pearl A. Lewis was appointed receiver of the company. Said receiver did not take possession of the leased premises and paid no rent for them. The corporation was found to be insolvent and on February 15, 1927, was dissolved. In November, 1927, the receiver filed his final report and on December 23 of that year the report was approved and the receiver discharged. In the meantime there had been some litigation in the superior court of Cook county involving the original deposit made by the Kelly-Springfield Motor Truck Company in payment of rent for the last year of the term of its lease from the plaintiffs. This litigation was settled by the payment to the receiver of $17,000 and the order approving the settlement, upon receipt of the fund by the receiver, was entered September 12, 1925, in the Court of Common Pleas of Clark county, Ohio.

May 21, 1931, Pearl A. Lewis, as receiver, pursuant to an order entered by the Court of Common Pleas of Clark county, assigned to R. H. Perry and Lucius B. Phelps, plaintiffs herein, all the interest of the Kelly-Springfield Motor Truck Company, as sublessor in and to the sublease of the defendant, Western Motor Car Company, together with all the rents which had accrued thereunder.

From the record it appears that after the discharge of the receiver in 1927, the same person was again appointed receiver for the purpose of making and executing the assignment under which the plaintiffs claim. It is to this order of the Common Pleas Court of Ohio that the defendant is strenuously objecting in this proceeding:

First, because it is claimed that the Ohio court was without jurisdiction to make the appointment of the receiver on the second occasion;

Second, that the receiver even though rightfully appointed could not sue in Illinois;

. Third, that the Kelly-Springfield Motor Truck Company by reason of its being the lessee of the property in question was doing business in the State of Illinois without a license and, therefore, its assignee could have no better right to maintain an action than could the company;

Fourth, that the assignment was procured by fraud; and

Fifth, that the statute of the State of Illinois limits the right of a dissolved corporation to maintain an action to the period of two years after dissolution.

Plaintiffs contend that under the Practice Act, Cahill's St. ch. 110, ¶ 163, the defendant, by its failure to file a verified plea, admits the validity of the instrument sued on and that, therefore, the defendant is precluded from denying the validity of the assignment. The failure to file such a verified plea, however, only dispenses with the necessary proof requisite to show the execution of the instrument. Consequently, the execution is admitted and the instrument is admissible in evidence without proof. Its validity, however, may still be assailed. *Gould v. Magnolia Metal Co.*, 207 Ill. 172.

The Kelly-Springfield Motor Truck Company was organized under the laws of the State of Ohio and, consequently, the proceedings for its dissolution were required to comply with the laws of that state. Section 8623–80 of the Ohio General Code provides as follows:

"Any corporation which shall be dissolved and any corporation whose articles have been cancelled shall cease to carry on its business and shall be without authority so to do, but it shall continue for the sole purpose of paying, satisfying and discharging any existing liabilities and obligations, collecting and dis-

tributing its assets and doing all other acts required to adjust, settle and wind up its business and affairs, and it may do all such acts and may sue and be sued in its corporate name." Under the provisions of the Ohio Code there is nothing limiting the time within which a dissolved corporation can sue or be sued. It shall be continued after dissolution for the purpose of satisfying and discharging any liabilities and obligations. The payment of the debts constitutes an obligation which it cannot evade and this whether the claim is liquidated or unliquidated and whether it was due at the time of the dissolution of the corporation, or became due thereafter. *Roberts v. Krug,* 24 Ohio Nisi Prius Reports 490, affirmed by the Court of Appeals of Ohio on review. The fact that a receiver appointed to wind up its affairs had been discharged would not relieve the dissolved corporation of its liability, and the court having jurisdiction of the cause had the right to reopen the case for the purpose of protecting rights of creditors against the assets of the corporation, wherever found.

There is no force in the argument that the receiver could not sue in the State of Illinois. Courts of this State recognize the right of a dissolved corporation, through its receiver or trustees, to bring suit in this State or to defend in case it is being sued. This is not a case of a receiver attempting to obtain property in order to administer as receiver. In such a latter case ancillary receivers are appointed. *Eau Claire Canning Co. v. Western Brokerage Co.,* 213 Ill. 561.

The Kelly-Springfield Motor Truck Company had obligated itself to pay rent under a lease. It had in turn assigned this lease to the defendant. It had taken out a license to do business in this State at the time it entered into this lease and was properly qualified to carry on its business. For that purpose it was necessary to have a location in this State. Its right to col-

lect rent after it ceased to do business had nothing to do with its restrictions under the Foreign Corporation Act. This act is intended to permit business of the character such as that conducted by the corporation. It had a right to wind up its affairs and this would include the assignment or conveyance of the leasehold upon which it was obligated. It has the same rights in so far as this rule is concerned as a domestic corporation. *Life Ass'n of America v. Fassett,* 102 Ill. 315; *McCullough v. Judson,* 327 Ill. 381.

There is no evidence of fraud in the procuring of the assignment from the receiver. The instrument recites that the $17,000 received by the receiver of the Kelly-Springfield Motor Truck Company was the consideration for the assignment. It also recites that the Kelly-Springfield Company shall be released from any further liability under its lease. The receiver under order of court had a right to assign its sublease with the defendant to the plaintiffs here. It would be a sufficient consideration if it was thereby released from any further obligation on the lease originally entered into with the plaintiffs. We cannot see in what way the defendant is interested in the consideration for the assignment, as this is a matter between the parties to that agreement.

Lastly, it is insisted that under the statutes of the State of Illinois, which limits the right of a domestic corporation to maintain an action within two years after dissolution, the plaintiffs, as assignees of the Kelly-Springfield Company, are barred. This is based on the argument that a foreign corporation has no greater right than a domestic corporation. The weight of authority clearly holds otherwise. A well considered case on this question is *Illinois Power & Light Corp. v. Hurley,* 49 F. (2d) 681. See also *Forcite Powder Co. v. Herdien,* 162 Ill. App. 425.

All corporations derive their life and right to transact business from the State in which they are incorpo-

rated. The manner of doing business in a foreign jurisdiction may be controlled by the statutes of that jurisdiction, but its organization and the manner of its dissolution and its obligations thereunder are subject to the control of the State which gave it birth. Under the rule of comity existing between the various States, the rights of the State creating the corporation are recognized in so far as they deal with its corporate life and existence. *Washington-Alaska Bank v. Dexter Horton Nat. Bank,* 263 Fed. 304; *Sinnott v. Hanan,* 214 N. Y. 454, 108 N. E. 858; *Forcite Powder Co. v. Herdien,* 162 Ill. App. 425.

There is nothing in the Ohio statutes continuing the life of a corporation after dissolution for the purpose of collecting or distributing assets repugnant to the laws of this State, because of the fact that that right or obligation exists for a longer time than the limitation provided by the laws of Illinois. It gives the Ohio corporation no greater powers than a company incorporated under the laws of this State. It is not repugnant to the laws of the State of Illinois inasmuch as its purpose is identical after dissolution of the corporation with the purpose of the statute of this State. The fact that the limitation extends over and beyond two years only adds to that corporation an increased liability, if anything. We are of the opinion that the statutory period of two years, applicable to domestic corporations upon dissolution, is unavailing to the defendant to this action.

For the reasons stated in this opinion the judgment of the circuit court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL, P. J., and HALL, J., concur.