Paul Leahy, Appellant, v. Robert Perry and Lucius B. Phelps, Appellees.

Gen. No. 37,983.

480

Opinion filed November 20, 1935.

James D. Murphy, of Chicago, for appellant.

Arthur A. Basse, of Chicago, for appellee Lucius B. Phelps.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

This is an appeal from a judgment of the circuit court in favor of the defendant in a suit in assumpsit for the rent of a building located at 25th street and Michigan avenue in Chicago, Illinois. The plaintiff, Paul Leahy, sued Robert Perry and Lucius B. Phelps, defendants. Perry was not served.

From the record it appears that on November 6, 1919, one Arthur T. Aldis and others, as trustees, and owners of the premises in question, entered into a written lease with Robert H. Perry and Harry Newman, as lessees to the premises in question. The lease provided for a monthly rental of $900 and was to run until 1940. February 17, 1920, Robert H. Perry and Harry Newman subleased the premises in question to the Kelly-Springfield Motor Truck Company, an Ohio corporation, to begin June 1, 1920 and end May 27, 1940. The rental was to be $1,300 per month. At the time this sublease was entered into between Robert H. Perry and Harry Newman and the Kelly-Springfield Motor Truck Company, a deposit was made by the sublessees in the amount of $15,600 to secure the performance of the terms of the lease and was to be considered as the rental for the last year of the term.

July 23, 1920 the Kelly-Springfield Motor Truck Company subleased the premises in question to the Western Motor Car Company, an Illinois corporation.

This sublease was for a term commencing on the first day of October, 1920, and ending on the 26th day of May, 1940, at a rental of $1,300 per month.

In the year 1926, Harry Newman, one of the original lessees, became indebted to Lucius B. Phelps for an amount aggregating $19,250 and gave a note for said sum in which reference is made to the assignment of this lease.

On March 24, 1924, the owners of the fee of the property sold the same to one Maurice Leahy, subject to the lease to Robert H. Perry and Harry Newman. Subsequently, Maurice Leahy died and Paul Leahy, his son, became the owner in fee simple, subject to the aforesaid lease.

The lease dated November 6, 1919, from Aldis et al. to Robert H. Perry, contained this provision:

"It is further covenanted and agreed by and between the parties hereto that all the covenants, agreements, conditions and undertakings in this lease contained shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of the respective parties hereto and their several interests respectively, the same as if they were in every case named and expressed, and that the same shall be construed as covenants running with the land; and wherever in this lease reference is made to any of the parties hereto, it shall be held to include and apply to the successors, heirs, legal representatives, and assigns of such parties respectively, the same as if in each and every case so expressed."

It appears that at the time the lease was given by Harry Newman to Lucius B. Phelps, on December 4, 1920, as security for the debt of Newman to Phelps, the former assigned to Alfred G. Brile, a clerk in the office of Charles A. Phelps, a brother of defendant, a one-half interest in the aforesaid lease, and, there-

after, Brile assigned the same to said Charles A. Phelps. It subsequently appears that these transactions were all for the benefit of Lucius B. Phelps and he was the real party in interest. Subsequently, a consent decree was entered in a suit in the superior court (Abst. pp. 22, 23) in which the rights of all the parties thereto are set forth including defendant in this case. Such finding in favor of the defendant in that suit would not be binding on plaintiff Leahy in the instant case as he was not a party thereto.

The plaintiff here contends that the assignment was complete so as to make defendant liable and the defendant contends that he merely had a conveyance of the rent accruing under the said lease in payment of his debt.

A branch of this case was before this court for consideration at the time Perry and the defendant Lucius B. Phelps sued the Western Motor Car Company for rent for these premises, entitled *Perry v. Western Motor Car Co.*, 279 Ill. App. 195. In stating the facts in that case for this court's consideration, plaintiff Phelps in his brief stated as follows:

"In the year 1926, Harry Newman, one of the sublessees from the owner of the fee and one of the sublessors to the Kelly-Springfield Motor Truck Company, assigned all his interest in and to said lease to Robert H. Perry and Lucius B. Phelps."

As a result of the position taken by Phelps in that case, a decision was rendered in his favor, and in doing so this court found the following:

"In the year 1926, Harry Newman, one of the sublessees from the owner of the fee and one of the sublessors to the Kelly-Springfield Motor Truck Company, assigned all his interest in and to said lease to Robert H. Perry and Lucius B. Phelps." Certiorari was denied by the Supreme Court, making the decision

of this court final. In that case Phelps had taken possession of the premises here involved, acting as the owner and suing a lessee for the rent.

We do not believe we need go further so far as finding that Phelps was the assignee of Newman. He stated it himself in no unmistakable terms in the case of *Perry v. Western Motor Car Co.*, 279 Ill. App. 195, which, as we have said, was before this court for consideration and wherein this court held that he was the assignee. Certainly he should not now expect us to follow him in such an inconsistent attitude when he chooses to deny it. We are bound by the former finding of this court and we think defendant should be also.

Thereafter Perry and Phelps, the defendants in this case, purchased from Pearl A. Lewis, receiver of the Kelly-Springfield Motor Truck Company, all the interest of the Kelly-Springfield Motor Truck Company in the said lease and secured an assignment, which assignment runs directly to Perry and Phelps, and which covenant contains the following clause: "that all the covenants, agreements, conditions and undertakings in this sublease contained shall extend to and be binding upon . . . assigns of the respective parties . . . the same as if they were in every case named and expressed, and that the same shall be construed as covenants running with the land."

The important question here seems to be whether or not the various assignments of these leases and subleases have created a liability on the part of Lucius B. Phelps to Paul Leahy, plaintiff herein. In Taylor's Landlord & Tenant, sec. 260, it is said:

"Covenants in a lease are either personal, or run with the land. If they extend to a thing in *esse,* parcel of the demise, and touch or concern the estate, as to rebuild or repair, they run with the land and every

part thereof, and bind not only the covenantor and his personal representatives by privity of contract, *but also the assignee,* though not named, and every other person who is in of any estate created by, or growing out of the original demise, by privity of estate. . . ."

In *Sexton v. Chicago Storage Co.,* 129 Ill. 318, at page 326, the court said:

"The general principle, as held by all the authorities, is, that where the lessee assigns his whole estate, without reserving to himself a reversion therein, a privity of estate is at once created between his assignee and the original lessor, and the latter then has a right of action directly against the assignee on the covenants running with the land, one of which is that to pay rent; . . . The relations of landlord and assignee of a term, however, it has been seen, do not result from contract, but from privity of estate, and, therefore, when the original lessee has divested himself of his entire term, and thus ceased to be in privity of estate with the original landlord, the person to whom he has transferred that entire term must necessarily be in privity of estate with his original landlord and hence liable as assignee of the term."

It is not necessary that the assignee occupy the premises. In *Babcock v. Scoville,* 56 Ill. 461, at page 464, the court said:

"With this much of authority in support of the doctrine, laying out of view the case of an assignee by operation of law, so far as has come under our examination we do not find it elsewhere laid down in any reported case, or by any legal writer of approved authority, that, in the case of an absolute assignee in fact of a term of years, an entry by the assignee is necessary, in order to subject him to a liability for the rent, but the whole tenor of authority is to the contrary."

From a review of this case, this court has come to the conclusion that the defendant Phelps was the assignee of the leases which by their terms under the law there was established a privity of estate between Phelps the defendant and the owner of the fee. This being true, the trial court should have so found and was in error in finding the issues for the defendant.

It, therefore, follows that the judgment of the circuit court should be and the same is hereby reversed and the cause is remanded for a new trial in accordance with the views herein expressed.

*Judgment reversed and cause remanded.*

Hall, P. J., and Hebel, J., concur.