MARY BAYER, as Administratrix of the Estate of JOHN BAYER, Deceased, Respondent, v IRVING A. SAROT et al., Defendants; NEW YORK MEDICAL COLLEGE et al., Respondents, and SURGITOL, INC., Appellant.

First Department, March 25, 1976

*Charles F. McGuire* of counsel *(Thomas R. Newman* and *Siff & Newman, P.C.* with him on the brief; *Bower & Gardner,* attorneys), for appellant.

*Patricia D'Alvia* of counsel *(Morris, Duffy, Ivone & Jensen,* attorneys), for New York Medical College and another, respondents.

*David Farber* of counsel *(Kramer & Voletsky,* attorneys), for Mary Bayer, respondent.

LYNCH, J. The defendant Surgitol appeals from a denial of its motion to dismiss the complaint and cross claim for untimely service of process and lack of jurisdictic 1.

The appeal invokes our consideration of a Pennsylvania law (Purdon's Pa. Stat. Ann., § 2111, subd A), as amended in 1968: "The dissolution of a business corporation, either by the filing of articles of dissolution in the Department of State, or by the decree of a court of common pleas, when the court has not liquidated the assets and property of the corporation, or by expiration of its period of duration, shall not take away or impair any remedy given against such corporation, its directors or shareholders, for any liability incurred prior to such dissolution, if suit thereon is brought and service of process

had before or within two years after the date of such dissolution. Such suits may be prosecuted against and defended by the corporation in its corporate name."

Surgitol, a Pennsylvania corporation, manufactured heart valves in that State and on October 13, 1966 one of its valves was implanted in the plaintiff's intestate at the defendant Flower and Fifth Avenue Hospital in New York City. In June of 1970 or before, Surgitol was acquired by Baxter Laboratories, Inc. and, by amendment filed with the Department of State, its name was changed to Surgitool Liquidating Company. Simultaneously a certificate of its election to dissolve was filed, and, on March 2, 1972, articles of dissolution were filed stating that all the assets had been distributed to the shareholders.

The plaintiff's intestate died on July 31, 1973. It is claimed that a major cause was the malfunctioning of the heart valve. The plaintiff was appointed administratrix on May 11, 1974. Service of the summons and complaint upon Surgitol was found by the Special Term to have been effected on January 6, 1975, and found to have been within the time permitted by EPTL 5-4.1, that the court found applicable. The complaint is based upon negligence, breach of express and implied warranties and strict liability. (Surgitol has not raised time bar objections that these causes of action may have made available to it; see *Mendel v Pittsburgh Plate Glass Co.,* 25 NY2d 340; *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395.)

The Special Term held the Pennsylvania statute to be procedural, expressing a limitation upon a right to bring action, and granted the plaintiff the benefit of the more favorable New York rule. The citation relied upon by the court *(Hughes v Hinson's Garage,* 9 AD2d 1014) would dictate the law of the forum were the issue a choice of statutes of limitation, but, as *Hughes* itself points out, a distinction must be made between procedural statutes limiting the time for bringing suit and substantive statutes which grant a right to bring action.

"At common law all actions, either pending or thereafter instituted, abate upon the final dissolution of a corporation and judgments subsequently entered against the dissolved company are null and void. Also all persons who had contracted or done business with the dissolved corporation are charged with knowledge of the statutes governing the termination of its corporate existence upon dissolution, and of the

statutes governing its liquidation, and are bound thereby. *(People v Globe Mut. Life Ins. Co.,* 91 N.Y. 174, 179; *Jemison v. Citizens Sav. Bank,* 122 N.Y. 135, 140.)" *(Matter of National Sur. Co.,* 283 NY 68, 74, cert den 311 US 707.) Thus, the Pennsylvania statute is not a procedural limitation upon a right to sue; it substantively grants a two-year extension to the termination of the right to bring action expressed in the common law.

Persons outside of the State of domicile of the dissolved corporation are charged with knowledge of its statutes and are bound by them *(Relfe v Rundle,* 103 US 222, 225; *Canada Southern Ry. Co. v Gebhard,* 109 US 527, 537). New York has recognized the extraterritorial application of statutes akin to the Pennsylvania law *(Matter of National Sur. Co., supra).* In *Chaplin v Selznick* (293 NY 529, 540), the court permitted suit against a California corporation beyond its common-law abatement, not because New York law allowed it, but because it was permitted by a California statute that was "entitled to recognition and enforcement by the courts of this State". *Sinnott v Hanan* (214 NY 454, 458) held that the existence of a foreign corporation is "subject to the law of its creation and of its domicile", and that it is only when, unlike Surgitol, it comes into this State to do business that we can, as a *quid pro quo,* hold it additionally subject to our laws. (Cf. *Sedgwick v Beasley,* 173 F2d 918.)

Upon the motion at Special Term, Surgitol did not deny that it is defended under a products liability policy issued by an insurer licensed and physically present in New York. In its ruling the court took this circumstance "in view", presumably granting merit to the argument advanced by the respondents here that the insurer's obligation to Surgitol was a debt owed to it that would give jurisdiction under the principle enunciated in *Matter of Riggle* (11 NY2d 73), *Seider v Roth* (17 NY2d 111) and *Simpson v Loehmann* (21 NY2d 305). In those cases, however, there was an out-of-State creditor in existence upon whom process had been served, while Surgitol was not in existence so that it could not be served. The respondents gain no support from the Pennsylvania case they cite, *Westinghouse Elec. Corp. v Goodwin Corp.* (432 Pa 347), because process was served there prior to the expiration of the two-year statutory extension.

The respondents also contend that, since Surgitol was acquired by Baxter Laboratories prior to the filing of articles of

dissolution, relief should be denied pending an examination into the details of the takeover. While this might disclose a cause of action against Baxter Laboratories (see *Knapp v North Amer. Rockwell Corp.,* 506 F2d 361), it could not resurrect Surgitol.

The order must be reversed on the law and the complaint and cross claim against Surgitol dismissed, without costs.

KUPFERMAN, J.P., LUPIANO, BIRNS and NUNEZ, JJ., concur.

Order, Supreme Court, New York County, entered on June 23, 1975, unanimously reversed, on the law, without costs and without disbursements, the motion granted, the complaint and cross claim against Surgitol dismissed and the action severed as to it.