**Roger LOTTMAN, Plaintiff,**

v.

**PIPER INDUSTRIES, INC., Defendant.**

**No. 89–CV–759.**

United States District Court,
N.D. New York.

Dec. 7, 1989.

E. Stewart Jones, Troy, N.Y., for plaintiff; Jeffrey K. Anderson, of counsel.

Carter, Conboy, Bardwell, Case, Blackmore, & Napierski, Albany, N.Y., for defendant; Dianne Bresee Mayberger, of counsel.

## MEMORANDUM DECISION AND ORDER

MUNSON, District Judge.

Plaintiff commenced this personal injury action on June 1, 1989, against Piper, Industries, Inc., a Tennessee corporation dissolved on December 31, 1986. Plaintiff claims that on July 15, 1986, he caught his right foot in a forage harvester and pick-up head designed, manufactured, and sold by Piper. As a result, plaintiff's lower leg required amputation.

Presently before the court is defendant Piper's motion for summary judgment. The court heard oral argument on November 27, 1989 in Albany, New York and reserved final decision.

Defendant's motion for summary judgment raises the following question: Should this court apply New York or Tennessee law on the question of the applicable statute of limitations for commencing suit against a dissolved corporation. Under the Tennessee law existing at the time of plaintiff's alleged injury and the dissolution of Piper, the dissolution of a corporation did not prevent it from being sued for liability incurred before dissolution so long as the action was commenced within two years of dissolution. Tennessee Code Ann. § 48–1–1013 (1980). Under New York law, a dissolved corporation also may be sued for any liability incurred prior to dissolution. N.Y.Business Corporation Law § 1006(b) (McKinney 1986). However, unlike the Tennessee statute, New York does not impose any special statute of limitations for commencing these actions. Thus, the general three year statute of limitations for commencing personal injury actions would be applicable. Defendant argues that since Piper was dissolved on December 31, 1986 and this action was not commenced until June 15, 1989, this action should be dismissed because it was not timely filed under Tennessee law.

■■■ Under Federal Rule of Civil Procedure 17(b), "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Rule 17(b) has been interpreted to apply to dissolved corporations as well as existing corporations. *See Johnson v. Helicopter & Airplane Services Corp.*, 404 F.Supp. 726 (D.M.D.1975); 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1563, at 738 (1971). There is no dispute that defendant was incorporated under the laws of Tennessee. Therefore, defendant's capacity to be sued in this action is governed by Tennessee law. As noted, under the Tennessee law existing at the time of plaintiff's claimed injuries and the dissolution of Piper, plaintiff had two

years from the date of Piper's dissolution to commence this action. Plaintiff failed to meet this deadline. Therefore, plaintiff's action must be dismissed.

■■ The court notes that the courts of New York state also would apply Tennessee law and dismiss plaintiff's action. In *Bayer v. Sarot*, 51 A.D.2d 366, 381 N.Y. S.2d 489 (1st Dep't 1986), *aff'd*, 41 N.Y.2d 1070, 396 N.Y.2d 184, 364 N.E.2d 848 (1977), plaintiff sued a dissolved Pennsylvania corporation for wrongful death. Pennsylvania law, like the applicable Tennessee statute, permitted suit against a dissolved corporation so long as the action was commenced within two years after dissolution. The New York Supreme Court, construing Pennsylvania law to be procedural, held that the New York law governing actions against dissolved corporations was applicable and therefore denied the corporation's motion to dismiss.

The Appellate Division reversed. It held that since at common law a dissolved corporation could not be sued, the Pennsylvania statute "grant[ed] a two year extension to the termination of the right to bring [an] action expressed in the common law," 51 A.D.2d at 369, 381 N.Y.S.2d at 491, and therefore was a substantive statute. Accordingly, the court applied the Pennsylvania law and dismissed the complaint. The court further noted that "the extraterritorial application of statutes akin to Pennsylvania law," was not without precedent in New York. It then cited the New York Court of Appeals decision in *Sinnott v. Hanan*, 214 N.Y. 454, 108 N.E. 858 (1915), for the proposition that "the existence of a foreign corporation is 'subject to the law of its creation and of its domicile,'" *id.*, and it is only where a foreign corporation "comes into this State to do business that we can, as a *quid pro quo*, hold it additionally subject to our laws." *Id.*

Plaintiff interprets this language to mean that if a foreign corporation comes into this state to do business, then the courts of New York would apply New York law with respect to when a dissolved corporation may be sued. Plaintiff misinterprets the holding of *Sinnott*. The Court of Ap-

peals in *Sinnott* applied New Jersey law, which was the state where the dissolved corporation was incorporated, even though the corporation's principal place of business was New York. The effect of the court's application of New Jersey law was that the plaintiff in that action could recover on a judgment despite the fact that the corporation had been dissolved before the judgment was satisfied. Such action would not have been permitted under the New York law existing at that time. The fact that the corporation formerly did business in New York was only relevant to the question of whether New York *procedural* law was applicable—not to the question of whether to apply New Jersey law regarding suits against dissolved corporations. In this regard the court held that "the form of the action and the method of procedures are matters of practice which are fixed and governed by our own laws." Accordingly, the courts of New York also would apply Tennessee law in this instance.

Defendant's motion is granted. The Clerk of the Court is directed to enter judgment accordingly.

It is So Ordered.