■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. ROBERT GERMAIN, SR., Respondent, v A.O. SMITH WATER PRODUCTS Co. et al., Defendants, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant. DANIEL E. VALENSI, Respondent, v AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to BUFFALO PUMPS, INC., et al, Defendants, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant. VASHTEE ANTLE, Respondent, v

A.O. Smith Water Products Co. et al., Defendants, and Liberty Mutual Insurance Company, Appellant. Janeed Khan, Respondent, v 3M Company, Individually and as Successor to Minnesota Mining and Manufacturing Company, et al., Defendants, and Liberty Mutual Insurance Company, Appellant. Laurence Cunningham et al., Respondents, v 3M Company et al., Defendants, and Liberty Mutual Insurance Company, Appellant. [984 NYS2d 335]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 29, 2013, which denied appellant Liberty Mutual Insurance Company's motion to dismiss the complaints against Jenkins Bros., and directed service to be made on Jenkins Bros. by substituted service on Liberty Mutual, unanimously affirmed, with costs.

In this action for personal injuries allegedly due to asbestos exposure while plaintiffs were employed by Jenkins Bros., a dissolved New Jersey corporation, appellant insurance company, Jenkins' liability insurer during the relevant time periods, maintains that Jenkins is not amenable to suit based on its bankruptcy and subsequent dissolution. The plain language of the New Jersey dissolution statute, which governs here, provides for a corporation that has been dissolved to "sue and be sued in its corporation name" (NJ Stat Ann § 14A:12-9 [2] [e]), and the statute places no restriction on how long a dissolved corporation maintains its capacity to be sued for its tortious conduct committed pre-dissolution (see *Hould v John P. Squire & Co.*, 81 NJL 103, 79 A 282 [1911]; *International Union of Operating Engrs., Local 68, AFL-CIO v RAC Atlantic City Holdings, LLC*, 2013 WL 353211, \*10, 2013 US Dist LEXIS 11413, \*34 [D NJ 2013]). Thus, contrary to appellant's argument, Jenkins Bros. is amenable to suit pursuant to the laws of the state of its incorporation (see *Sinnott v Hanan*, 214 NY 454, 458-459 [1915]).

The motion court properly directed that substituted service be made on appellant. It is undisputed that service was attempted at multiple corporate addresses, to no avail, and that plaintiffs were only able to locate two *former* corporate representatives. Accordingly, substituted service on the insurer is proper and does not violate due process (see *Cives Steel Co. v Unit Bldrs.*, 262 AD2d 164, 164 [1st Dept 1999]; *Rego v Thom Rock Realty Co.*, 201 AD2d 270, 270 [1st Dept 1994]). Appellant

accepted premiums from Jenkins and agreed to defend and indemnify Jenkins for tortious conduct committed during the coverage periods. This coverage includes liability for conduct that may have led to injuries such as asbestos disease which carries a long latency period between exposure and manifestation of disease (*see Fusaro v Porter-Hayden Co.*, 145 Misc 2d 911, 916 [Sup Ct, NY County 1989], *affd* 170 AD2d 239 [1st Dept 1991]). Appellant's contractual coverage obligations should not be nullified on the mere happenstance that the corporation was dissolved at the time these latent injuries manifested. Concur—Renwick, J.P., Moskowitz, Degrasse, Manzanet-Daniels and Feinman, JJ.