THOMAS B. HARNED,

*vs.*

BEACON HILL REAL ESTATE COMPANY.

*Supreme Court, on appeal, January Term*, 1912.

Under general corporation law (22 *Del. Laws c.* 394) § 43, which, provides that, on dissolution of a corporation organized under the act, the Court of Chancery may "at any time" appoint a receiver to settle the unfinished business of the corporation, a corporation dissolved for nonpayment of franchise taxes is properly made a party defendant in a receivership action, unaffected by *section* 40 which provides that dissolved corporations shall be continued for three years to settle their affairs.

Under the statute, the Court of Chancery may appoint a receiver of a dissolved corporation more than three years after the dissolution.

A receiver for a dissolved corporation should not be appointed in an *ex parte* proceeding, if there are any of its officers in existence who could be served with process, and the corporation must be made party defendant.

In the matter of the petition of William Beadenkopf to set aside sale by Robert Penington, receiver.

APPEAL FROM THE COURT OF CHANCERY, respecting the petition of William Beadenkopf to set aside a sale made by the receiver of the Beacon Hill Real Estate Company.

The facts are stated in the opinion of the Court and in the report of the case in the Court of Chancery, *ante p.* 232.

The sole basis of the appeal in the case at bar is, that when a corporation created under *chapter* 273, *volume* 21, of the *Laws of Delaware*, and the amendments thereto, has become dissolved, it cannot be made a party defendant in an action in the Court of Chancery praying for the appointment of a receiver.

Argued before PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J.

*Harry Emmons*, for appellant.

Where a corporation is dissolved by an absolute repeal of its charter or by any other legal mode, it no longer exists for any purpose, unless there is some statutory provision continuing its existence, and therefore it no longer has any capacity or power to enter into contracts, or to take, hold or convey property, or to sue or be sued, or to exercise any other franchise or power conferred upon it by its charter. *Clark & Marshall on Corporations, par.* 322; *Weathery v. Capital City Water Co.,* 115 *Ala.* 156, 22 *South.* 143; *City Insurance Co. v. Commercial Bank,* 68 *Ill.* 348; *Mumma v. Potomac Co.,* 8 *Pet.* 281; *Rankin v. Sherwood,* 33 *Me.* 509; *Combes v. Keyes,* 89 *Wis.* 297, 62 *N. W.* 89, 27 *L. R. A.* 369; *Thornton v. Marginal Ry.,* 123 *Mass.* 32; *Sturges v. Vanderbilt,* 73 *N. Y.* 384; *Crossman v. Vivienda Water Co.,* 150 *Cal.* 575, 89 *Pac.* 335; *N. Y., B. & E. R. Co. v. Motil,* 81 *Conn.* 466, 71 *Atl.* 563; *Harris-Woodbury Lumber Co. v. Coffin,* 179 *Fed.* 257; *Pendleton v. Russell,* 144 *U. S.* 640; *Wheeler v. Walton & Whann Co.,* 65 *Fed.* 720; *Rodgers v. Adriatric Ins. Co.,* 148 *N. Y.* 34, 42 *N. E.* 515; *Dundee Mortg. & Trust Co. v. Hughes,* 77 *Fed.* 855.

It necessarily follows that the dissolution of a corporation from any cause may be shown in any case in which the existence of the corporation is properly in issue, collaterally as well as in a direct proceeding by an information in the nature of *quo*

*warranto*, and by private individuals as well as by the state. *Clark & Marshall on Corporations, par.* 323; *Blackwell v. State,* 36 *Ark.* 178; *Cary v. Cincin. & Chi. R. Co.,* 5 *Iowa,* 357; *Dobson v. Simonton,* 86 *N. C.* 492; *Ches. & O. Canal Co. v. B. & O. R. Co.,* 4 *Gill & J.* (*Md.*) 1; *Atty. Gen. v. Chi. & Evanston R. Co.,* 112 *Ill.* 520.

The only case cited by the Chancellor to support his conclusion that such a corporation could be made a party to a suit was the case of *Harris-Woodbury Lumber Co. v. Coffin,* 179 *Fed.* 257. In *Austen v Columbia Lubricants Co.,* 87 *N. Y. Supp.* 497, the Court said:

"In the case at bar the corporation attempted to be sued had been dissolved and was no longer extant, and this fact appears by proof submitted by the attorney who seeks to appear for the defunct corporation. It is clear that the Court below could never acquire jurisdiction of a dissolved corporation, and it is equally clear that such corporation could not authorize the appearance by an attorney."

The Court may appoint a receiver to take charge of the assets of a corporation in a proper case upon an *ex parte* application, and without giving the corporation an opportunity to be heard in opposition, if it clearly appears that this is necessary to preserve the assets; but it requires a very clear case to justify such action. *Turnbull v. Prentis Lumber Co.,* 55 *Mich.* 387, 21 *N. W.* 375; *Lindgrey-Mahan Chem. Co. v. Revere Rubber Co.,* 70 *Ill. App.* 379.

*Thomas F. Bayard,* for the appellee.

It is undoubtedly true that no action at law will lie against a dissolved corporation unless statutory provision is made therefor, yet there can be no doubt that in the event of there being no statutory provision for an action at law against the dissolved corporation, the Court of Chancery, under its broad powers of equity, has full right and power upon proper application being made by either a stockholder or a creditor, to entertain jurisdiction over the dissolved corporation, by allowing it to be made a party defendant in the stockholder's or creditor's action. 2 *Clark & Marshall, Private Corporations,* § 326.

(a). "The common law rule was that, on the dissolution of a corporation, all the debts either by or to the corporate body were extinguished, and this rule has been recognized in some. of the cases in this country. * * * In most jurisdictions, however, if not in all, this doctrine no longer obtains. In many states it has been changed by statute, and, even in the absence of statutory provision, it has been held in the case of private business corporations that, while debts due to or by a corporation cannot be enforced at law after its dissolution, for want of a person to sue or be sued, they are not extinguished in equity; and that a court of equity, where no other remedy is provided by statute, will, by the appointment of a receiver, collect all debts which were due to the corporation at the time of its dissolution, or afterwards maturing, as a part of its assets, and apply its assets in payment of debts due by it." *Insurance Co. v. Bank,* 68 *Ill.* 348, 351; *State v. Bank,* 5 *Baxt.* (64 *Tenn.*) 101, 109; 2 *Clark & Marshall, Private Corporations,* § 326 (*a*), *note* 321.

The attention of the Court is called to the cases of *Thornton v. Railway Co.,* 123 *Mass.* 32, 34, wherein Gray, C. J., says:

"Upon the absolute repeal of the charter by the Legislature acting within the limits of its constitutional authority the corporation ceases to exist, and no judgment can afterward be rendered against it in an action at law. But such repeal does not impair the obligations of contracts made by the corporation with other parties during its existence , or prevent its creditors or stockholders from asserting their rights against its property in a Court of Chancery in accordance with the reasonable regulations of the Legislature, or with the general principles and practice in equity."

Read v. Bank, 23 *Me.* 318, where the question of the bank (the defendant party, which was a dissolved institution at the time of the commencement of the case) being capable of being sued having arisen, Tenny, J., says at page 321: "The bank having ceased to exist, excepting so far that the receivers could prosecute any suit pending in its name; and could use the name of the bank in any suit, which might be necessary to enable them to collect any of the debts due to the bank, there is no party whom the plaintiff can prosecute or take judgment or

execution against, unless it be in a court of equity." *Davenport v. Dows*, 18 *Wall.* 626, wherein the Court says: "A court of equity will not take cognizance of the bill brought to settle a question in which the corporation is the essential party in interest, unless it is made a party to the litigation." *Robinson v. Smith*, 3 *Paige* (*N. Y.*) 222, 232, wherein Walworth, Chancellor, says "that even if a sufficient excuse is shown by the bill for bringing the suit in the name of the stockholders, the corporation should be before the Court as the party defendant." And to *Taylor v. Holmes*, 127 *U. S.* 489.

*Section* 43 of the Delaware corporation law provides generally that upon the dissolution in any manner whatever of a corporation organized under the Act, the Court of Chancery, upon application of either a creditor or stockholder of such corporation, may at any time appoint a receiver or receivers, of and for such corporation, to take charge of the estate and effects thereof, and to do all other things that may be necessary for the final settlement of the affairs of the corporation.

It must be noted that the Act merely prescribes an "application" to the Court of Chancery, and further says that such "application" may be made at any time. The question now arises, what is an "application", and who is to determine the form of such "application"?

*Section* 44 of the corporation law (22 *Del. Laws*, c. 394) provides: "The Court of Chancery shall have jurisdiction of said application and of all the questions arising in the proceedings thereon." So, then, it would appear that the Court of Chancery is given full jurisdiction of the application made to it, and of all questions arising in the proceedings thereon.

The question raised in this case goes to the method of "application", and the sole question before the Court is: Was the "application" made in such form as would give the Court of Chancery jurisdiction?

The objection raised in the case at bar is not so much to the form of the "application", which was made by a bill, as to the question of parties—the whole contention of the appellant in the case being based on the claim that the dissolved corporation defendant cannot be made a party to the cause.

Particular attention in this connection is called to the wording of *section* 43 of the corporation law, wherein power is directly conferred upon the Chancellor, at any time after dissolution, to appoint a receiver "of and for such corporation, to take charge of the estate and affairs," etc.

It must necessarily follow that the Legislature, in authorizing the Chancellor to appoint a receiver of the defunct corporation, still considered that the corporation had such existence as would give the Chancellor the right to exercise the powers of his Court upon it for the purpose of appointing a receiver of the said corporation, in order to wind up its affairs. There can be no doubt that the Legislature, in using the expression "of and for such corporation," had in mind the preservation of the rights of the stockholders and creditors in the property possessed by the corporation at the time of its dissolution, by the appointment of a receiver, and it is specifically stated to be for the purpose of doing all that may be necessary for the final settlement of the business of the corporation.

Briefly stated, it appears from the authorities—1. That in the absence of statutory authority, a court of equity has full power to take possession of and administer the property and effects of a dissolved corporation.   2. That the title to the property of the dissolved corporation still vesting in the corporation and in no one else, the corporation itself still possesses such existence as makes it a necessary party to an action like the case at bar.   3. That the powers of the Chancellor, under the Delaware law, regarding the appointment of receivers of dissolved corporations, may be exercised at any time after the dissolution of the corporation.   4. That the method of starting such proceedings in the Court of Chancery is by an application to the Chancellor, and that as to the form of said application, the Chancellor is the sole judge.   See *sections* 43, 44, of the Delaware corporation law and *Revised Code of* 1893, *c.* 95, § 3. 5. That the Chancellor is given full power to appoint a receiver of and for a dissolved corporation, thus showing the legislative intent to preserve such an existence of the corporation as would give the Chancellor the proper and necessary control thereof, after dissolution.   6. That, under the term "of and for such

corporation," the Legislature unquestionably meant that, although dissolved, there should still exist, for the purpose of a proper administration of its assets, the corporation, a party or being in whom title to the said property would still vest, and over whom the Chancellor, upon proper application being made, would exercise the powers of his Court.

PENNEWILL, C. J., (delivering the opinion of the Court): The defendant company was organized under the general corporation law of this State in 1900; and having subsequently failed for two consecutive years to pay the franchise taxes due the State, its charter was repealed, and the corporation dissolved, by proclamation of the Governor, February 17th, 1906. The company has never been reinstated, and the taxes are still unpaid.   At the time of its dissolution the said corporation owned no property except a farm in Brandywine Hundred containing one hundred and fifty-four acres, and owed no debts except the franchise taxes aforesaid.   The said farm was not disposed of during the three years following the dissolution of the corporntion, but continued to be held by the company, and was so held, at the time the bill was presented to the Court of Chancery by the complainant asking for the appointment of a receiver for the company with authority to sell and convey all its real estate for the benefit of the stockholders.   A receiver was appointed in accordance with the prayer of the complainant's bill.

In the proceeding in the Court below the company was made party defendant, appearance was entered for the company by its solicitor, and an answer was filed, under its corporate seal, signed by the president and two directors, and attested by the secretary of the company.   The case was heard and determined below on bill and answer, and the proceedings were in all respects such as are usually had in the Court of Chancery for the appointment of a receiver.   The receiver sold the said real estate pursuant to the Court's decree, and upon the return of the sale the purchaser, the complainant, presented a petition to the Court, asking that the sale be set aside, and the order therefore be revoked.   The prayer of the petitioner was

denied, and an order made that the purchaser comply with the terms of sale.

The case is now before this Court upon an appeal from the decree of the Chancellor, and while there were several errors assigned, there is practically but one question raised and to be determined, viz.: Whether the company could be made party defendant in the proceeding instituted below for the appointment of a receiver.

The appellant, complainant below, insists that the proceedings under which the receiver was appointed were irregular and void, for the reason that at the time the said proceedings were instituted the Beacon Hill Real Estate Company, the defendant named therein, was a dissolved corporation, had ceased to exist, was civilly dead, and incapable of suing or being sued for any purpose whatever. In support of this contention the appellant has referred the Court to the franchise tax Act (21 *Del. Laws, c. 166*) approved March 10, 1899, and also to certain provisions of the general corporation law of the State, which are deemed pertinent to the question to be determined. It is not necessary to refer particularly to the franchise tax Act because it is admitted that the company failed for two consecutive years to pay the state tax assessed against it, and that its charter and all the powers conferred by law upon it became thereby inoperative and void. By *section* 40 of the general corporation law it is provided that "all corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration, or dissolution, bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established."

We fail to see that *section* 46 of the corporation Act is at all pertinent to the question before us, because its sole purpose is to provide that a suit begun against a corporation before dissolution shall not abate on account of the dissolution, but that upon a suggestion of the dissolution, and entry of the

names of the trustees or receivers, upon the record, the action shall proceed to final judgment against the said trustees or receivers by the name of the corporation. The provision of law particularly applicable to the present case is *section* 43 of the general corporation law, which is as follows:

"When any corporation organized under this Act shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at any time, may either continue such directors, trustees as aforesaid, or appoint one or more persons to be receivers of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers may be continued as long as the Chancellor shall think necessary for the purposes aforesaid."

It will be observed that the powers of the Court of Chancery under this provision are about as broad and general as it is possible to make them. If the corporation be dissolved, *in any manner whatever*, the Court shall have power *at any time* to continue the directors, trustees, or appoint receivers, to make a final settlement of the unfinished business of the corporation, etc., and their powers may be continued as long as the Chancellor shall think necessary. *Section* 44 provides that "the Court of Chancery shall have jurisdiction of said application mentioned in *section* 43, and of all questions arising in the proceedings thereon, and may make such orders and decrees and issue injunctions therein, as justice and equity shall require." We do not understand it to be contended that the Court of Chancery has not power to appoint a receiver for a dissolved corporation at any time, if he thinks it is necessary for the interests of the creditors or stockholders that it should be done. Certainly such a contention could not be successfully made, and we need not discuss it.

But it is very seriously urged that after three years from the date of dissolution the corporation is dead, and cannot

authorize a solicitor to appear for it in an action brought against it, neither can it be made a defendant in the action.    We think the determination of this question depends almost entirely upon the real intent and meaning of said *section* 43. In our opinion the other sections and provisions of law referred to do not affect the question or materially aid in its solution, except so far as all the provisions taken together may show a purpose in the legislative mind to provide for the final settlement of the affairs of every dissolved corporation regardless of when or how the dissolution was effected.    *Section* 40, which we have quoted, and upon which the appellant lays so much stress, can have no direct bearing upon the question we are considering.    That section provides for the continuance of the corporation for three years after dissolution in order that the company itself may settle and close its business.    Such settlement would be entirely voluntary with the company, and the provision would not avail the creditors or stockholders, or inure to their interest, unless the company chose to settle and close its business.

   *Section* 43 very properly provides a remedy for the creditors and stockholders of the dissolved corporation which may be invoked for their protection at any time if the company refuses, fails or neglects to settle and close its business.    What then does *section* 43 mean when reasonably construed?    1. That the Court of Chancery shall have power to appoint a receiver for any dissolved corporation if in the judgment of the Court it is necessary or proper to do so.    2. That such power may be exercised at any time after the dissolution.    3. No other procedure being prescribed by the statute, such procedure and practice shall be adopted as is approved and followed in the Court of Chancery in cases of like character.

   The procedure that is not only usually, but invariably, followed in such court is the one that was adopted in the present case.    A bill of complaint was filed, and necessarily there had to be a defendant in the action.    Who should be named as defendant?    Manifestly there could be none other than the Beacon Hill Real Estate Company, the dissolved corporation. If such corporation could not be made party defendant, then

there could be no defendant named, and the decree would have been based upon the *ex parte* application of the complainant, for the Court unquestionably had the power to appoint a receiver in one way or the other.

We are very clear in our opinion that the Legislature did not intend that a receiver should be appointed, even for a dissolved corporation, in an *ex parte* proceeding, if there were any of its officers in existence who could be served with process, and, therefore, they must have intended that the corporation should be made party defendant. Even though the corporation named as defendant in the present case had been dissolved, and three years had passed since the dissolution, it nevertheless was sufficiently alive and existent at the time the action below was instituted, to be the owner of the real estate sought to be sold. The company, so far as it was able to do so, authorized an appearance to the action, and under its corporate seal filed an answer to the bill of complaint signed by persons who were its president and directors at the time of dissolution. By its answer the company admitted the truth of the allegations set forth in the bill, and submitted to such order, as the Court might make in the premises. But the only question for this Court to determine is whether it was competent, legal and proper to make the corporation defendant in the proceeding below. We are clearly of the opinion that it was. Conceding, as we must, the power of the Court of Chancery to appoint a receiver for the company, with authority to sell the real estate it still owned, we think it logically and necessarily follows that the company should have been made defendant. In that way only would the company be apprised of the fact that application had been made to the Court for the appointment of a receiver to sell its property.

The contention of the appellant, that the defendant company was, at the time the action was brought, civilly dead and incapable of suing or being sued for any purpose whatever, would be sound if the rights of a dissolved corporation were governed by the principles of the common law. But the condition of a dissolved corporation under the statute laws of this State is very different from that which would exist under the

common law.   In England, and in this State, at the time of
the decision of *Commercial Bank v. Lockwood's Adm'r.*, 2 *Harr.*
8, a dissolved private corporation was absolutely dissolved, civ-
illy dead, without life or being, and altogether at an end.   The
Court in that case said:

"The companies which have been created in this State with banking
powers are corporations very different from the incorporated towns in
England.   They are the mere creatures of the law, deriving their existence
and all their rights and powers either expressly or incidentally from the
law creating them.   Perpetual succession is not one of their attributes.
In their charter the days of their existence are numbered, and the very
period of their dissolution fixed.   If the charter be not extended, the very
moment that period arrives the corporation stands, not dormant, dis-
abled, or incapable of action merely, but absolutely dissolved, civilly dead,
without life or being, and altogether at an end.   Their condition when their
charter has expired, is not therefore the same as that of the incorporated
town which has failed to elect its officers, and as the consequence of that
failure is rendered inactive.   The life of the one is out by its own constitu-
tion, and not from a failure to do what their charter enabled them to do,
to give them active being; the other was entitled by its charter to a con-
tinued active life, but it has failed to continue that activity by the elec-
tion of its necessary officers—its active powers, but not its being, are
gone.   The one is dead, the other is dormant.   The principles of law
which apply to the rights of a corporation thus dormant or disabled are
not the same as those which are applicable to the rights of a corporation
which is dissolved or civilly dead.   If the fact of dissolution, absolute
dissolution, be admitted or established, there would seem from the author-
ities which bear on this point, to be no question as to what becomes of the
estate both real and personal, and of the rights and credits of the corpora-
tion.   The text-books and cases decided are uniform in their language—
that the real estate held by the corporation at its civil death, reverts to
the grantor and his heirs — that the personal estate vests in the people,
or in England in the crown, and that the debts due to and from the cor-
poration are totally extinguished, so that neither the stockholders nor the
directors or trustees of the corporation can recover or be charged with
them in their natural capacity."

But such is not now the law of this and many other states.
While a dissolved corporation is not continued for the purpose
of doing the business for which it was created, it is continued in
order that, for the period of three years, the corporation itself
may settle and close its business, and, if it fails so to do, that
thereafter its creditors and stockholders may, by application

to the Court of Chancery, secure the appointment of trustees or receivers who shall make a final settlement of the unfinished business of the corporation. And any property which may not have been disposed of by the company before dissolution, or during the succeeding three years, is not lost, but remains the property of the corporation, so that it may be sold and disposed of for the benefit of its creditors and stockholders. We are not only of the opinion that the Court below had jurisdiction of the subject matter of the bill of complaint, and of the parties but also that the allegations contained in the bill were sufficient to justify the appointment of the receiver. Nothing remained to be disposed of, settled or administered but the farm, which the corporation unsuccessfully, and without authority, undertook to sell and convey more than three years after its dissolution; the complainant was interested personally, as well as stockholder, in having a good and marketable title made to the property; all management of the affairs of the company had long before been abandoned by its officers, and the president and two directors of the company had admitted the allegations of the bill to be true, and agreed that a receiver should be appointed as prayed for by the complainant.

We find no error in the decree of the Chancellor, and the judgment of the Court below is therefore affirmed.

It is ordered that each side pay the costs of their briefs, and that the appellant pay the remaining costs.