## No. C-1286

**Reba Casselman v. Denver Tramway Corporation, Eugene H. Adams, W. A. Alexander, G. B. Aydelott, M. F. Craney, R. B. Danks, Chris Dobbins, Montgomery Dorsey, John Evans, Jr., and A. R. Phipps, W. A. Alexander, Trustee, and Travelers Indemnity Company**

(577 P.2d 293)

Decided April 17, 1978.

Henry and Norton, Hubert D. Henry, James C. Henry, for petitioner.

Hughes & Dorsey, Raymond B. Danks, for Tramway, the Trustee and Individual Respondents.

Weller, Friedrich, Hickisch and Hazlitt, W. Robert Ward, for Travelers Indemnity Company.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This case arises out of the filing of a complaint for damages for injuries sustained by the petitioner. A motion to dismiss, or in the alternative for summary judgment, was filed by the respondents. The district court granted the motion and the court of appeals affirmed. 39 Colo. App. 306, 568 P.2d 84 (1977). We granted certiorari and we now reverse the court of appeals.

Petitioner in her complaint alleged that she sustained injuries on October 3, 1969, due to the negligence of an employee of the Denver Tramway Corporation, a Delaware corporation, which in 1969 was authorized to do business in Colorado. On November 23, 1971, the Denver Tramway Corporation was officially dissolved in Delaware by a Certificate of Dissolution. On March 1, 1972, the Delaware Chancery Court appointed a trustee in dissolution and Tramway's assets were transferred to the trustee and placed in a Delaware bank. At the time petitioner's complaint was filed some 1.5 million dollars of Tramway assets were held by the trustee. On March 1, 1972, the Colorado Secretary of State issued a Certificate of Withdrawal to Tramway. Upon the issuance of such a certificate, the authority of a foreign corporation to transact business in this state ceases. Section 7-9-116, C.R.S. 1973.

Petitioner commenced the present action on September 24, 1975. The complaint contained claims against the corporation, the corporate directors, the trustee in dissolution and the surety.[1] The trial court granted summary judgment as to all respondents holding that the claim against the corporation was barred by Delaware law; that the claim against the surety was barred since the claim against its principal, the corporation,

---

[1] Originally the complaint included a claim against the City and County of Denver as Tramway's successor, but this claim was dropped and is not the subject of this petition.

was barred; that there was no allegation under which the directors could be held individually liable and that the court had no jurisdiction over the trustee since the trustee was under the exclusive jurisdiction of the Delaware Chancery Court.

The court of appeals affirmed this grant of summary judgment on the basis that in its view Colorado law barred the complaint. We granted certiorari to review that decision.

Various theories have been advanced as dispositive of the issues involved in this case. Petitioner argued that Colorado's general six-year statute of limitations, section 13-80-110, C.R.S. 1973, should govern and, thus, that her claim was timely. Respondents argued and the trial court held that Delaware law should be applied and that the controlling Delaware statute was Del. Code tit. 8, §278, which provides that a dissolved corporation may sue and be sued for a period of three years after dissolution and which would bar the petitioner's action. The court of appeals applied Colorado law under the general choice of law rule that the statute of limitation of the forum governs. It held that the applicable statute was the provision in the Colorado Corporate Code, section 7-8-122, C.R.S. 1973, which provides that domestic corporations may sue and be sued for two years after dissolution and that, therefore, petitioner's claim was barred.

In considering these various theories, we should initially set out the questions presented here. The questions in this case are whether a foreign corporation can be sued after dissolution and, if so, for what period of time. Clearly the statutes relating to corporate dissolution are the appropriate ones to apply since they speak specifically to these questions. Whether we apply Colorado or Delaware law depends upon how this type of statute is characterized. In our view, the court of appeals erred in characterizing the statute as a statute of limitations for choice of law purposes.

Although statutes of limitations are ordinarily considered to be procedural and the forum applies its own procedural rules, nevertheless, those statutes which set forth a dissolving corporation's capacity to sue or be sued must be viewed as substantive. They define whether there is an entity in existence available to be sued. As was stated in *Oklahoma Natural Gas Company v. Oklahoma,* 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634 (1927):

"It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution can not be distinguished from the death of a natural person in its effect. [citations omitted] It follows therefore that, as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law, abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation *pro hac vice.* But corporations exist for specific purposes, and

only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. *The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the State which brought the corporation into being."* 273 U.S. at 259, 260 [Emphasis supplied].

■ We hold that the question of whether a foreign corporation can be sued after dissolution depends upon the law of the state of incorporation. *Accord, e.g., Meehl v. Barr Transfer Co.,* 305 Mich. 276, 9 N.W.2d 540 (1943); *Sinnott v. Hanan,* 214 N.Y. 454, 108 N.E. 858 (1915). *See, American Law Institute, Restatement of the Law, Second, Conflict of Laws 2d,* §299; Federal Rule of Civil Procedure 17(b).

From our review of Delaware corporate law the following two sections appear to govern the instant case:

Del. Code tit. 8, §278. "Continuation of corporation after dissolution for purposes of suit and winding up affairs.

"All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities, and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit, or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution, the corporation shall, for the purpose of such actions, suits or proceedings, be continued bodies corporate beyond the 3 year period and until any judgments, orders, or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the Court of Chancery."

§279. "Trustees or receivers for dissolved corporations; appointment; powers.

"When any corporation organized under this chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of the corporation, or on application of anyone, who, in the Court's discretion, shows good cause therefor, at any time, may either appoint 1 or more of the directors of the corporation to be trustees, or appoint 1 or more persons to be receivers, of and for the corporation, to take charge of the corporation's property, and to collect the debts and property due and belonging to the corporation, with power to prosecute and defend,

in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by the corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation. The powers of the trustees or receivers may be continued as long as the Court of Chancery shall think necessary for the purposes aforesaid."

A federal district court in *Johnson v. Helicopter & Airplane Services Corp.*, 404 F.Supp. 726 (D.Md. 1975), applying Delaware law construed these two sections together. It stated:

"In summary, then, notwithstanding other indicia of corporate existence continued by the statutes, Sections 278 and 279, read jointly, seem to indicate that a corporation has capacity to sue or be sued 1) during the three-year winding-up period; 2) beyond three years if an extension has been procured; or 3) if a receiver or trustee has been appointed by the Court of Chancery." 404 F.Supp. at 732.

*Accord, Smith-Johnson Steamship Corporation v. United States,* 231 F.Supp. 184 (D.Del. 1964); *Ross v. Venezuelan-American Independent Oil Producers Association, Inc.,* 230 F.Supp. 701 (D.Del. 1964). *See, Harned v. Beacon Hill Real Estate Co.,* 9 Del.Ch. 411, 84 A. 229 (1912).

Thus, under Delaware law the appointment of a trustee extends the time in which a dissolved corporation can sue or be sued and, therefore, Tramway had the legal capacity to be sued at the time petitioner filed her complaint. This is dispositive of whether the corporation and the surety as an agent of the corporation were properly named as defendants in petitioner's action. In addition, since the order of the Delaware Chancery Court authorizes the trustee to prosecute or defend litigation either in the name of the corporation or in the name of the trustee and does not limit such litigation to Delaware courts, it was proper for the trustee to be named as a defendant in his representative capacity. While the trial court was correct in stating that the complaint did not contain any allegations which would hold the directors individually liable, summary judgment should not have been granted as to the directors. Rather, the court should have given petitioner an opportunity to amend the complaint as to the directors. On remand this opportunity should be afforded to petitioner. *Smith v. Mills,* 123 Colo. 11, 225 P.2d 483 (1950).

The judgment of the court of appeals is reversed and the cause returned to it to remand to the trial court for proceedings consistent with the views expressed herein.

MR. JUSTICE CARRIGAN does not participate.