TEZAK CONSTRUCTION COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tezak Constr. Co. v. Commissioner
Docket No. 6965-92
United States Tax Court
T.C. Memo 1993-208; 1993 Tax Ct. Memo LEXIS 216; 65 T.C.M. (CCH) 2621; May 17, 1993, Filed *216 An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. For petitioner: Theodore H. Merriam and William C. Waller, Jr. For respondent: Michael J. Cooper. DAWSON; PATE
PATE
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Joan Seitz Pate pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction. The sole issue for our decision is whether, under Rule 60, petitioner lacked capacity to bring this lawsuit. Tezak Construction Co., Inc. (hereinafter Tezak or petitioner) was a corporation formed in the State of Colorado. It filed *217 Articles of Dissolution with the State of Colorado on April 18, 1989, and a Certificate of Dissolution was issued on May 5, 1989. On December 30, 1991, respondent determined deficiencies in petitioner's Federal income taxes of $ 499,594, $ 713,855, and $ 15,008 for taxable years ended October 31, 1987, 1988, and 1989, respectively. The deficiencies resulted from respondent's disallowance of deductions for officer compensation and the resultant net operating losses. On April 2, 1992, Tezak filed its petition with this Court. The petition was executed by Ted H. Merriam and William C. Waller, Jr., as attorneys for petitioner. On June 26, 1992, respondent filed a motion to dismiss for lack of jurisdiction on the grounds that Tezak had been dissolved more than 2 years prior to the date the petition was filed and, consequently, did not possess the capacity to institute a proceeding in this Court. Rule 60(c) provides that "The capacity of a corporation to engage in * * * litigation shall be determined by the law under which it was organized." Therefore, petitioner's capacity to sue in this Court is determined under the applicable Colorado law. Colo. Rev. Stat. sec. 7-8-122 (1992) provides, *218 in pertinent part, that: (1) The dissolution of a corporation in any manner shall not take away or impair any remedy available to or against the corporation, its directors, officers, or shareholders for any right or claim existing or any liability incurred prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of the dissolution. * * *
Under this statute it is clear that Tezak was not authorized under Colorado law to bring this action because more than 2 years had elapsed between petitioner's dissolution and the mailing of the deficiency notice or the filing of the petition. See Bloomington Transmission Services, Inc. v. Commissioner, 87 T.C. 586 (1986); Dillman Bros. Asphalt Co. v. Commissioner, 64 T.C. 793 (1975); Great Falls Bonding Agency, Inc. v. Commissioner, 63 T.C. 304 (1974). Petitioner argues, however, that the 2-year period for winding up corporate affairs in the Colorado statute is actually a statute of limitations, and, therefore, its petition is valid under the doctrine of recoupment, a common law exception to the *219 statute of limitations. Petitioner cites Bull v. United States, 295 U.S. 247 (1935), Dawe v. Merchants Mortgage and Trust Corp., 683 P.2d 796 (Colo. 1984), and Wyatt v. Burnett, 36 P.2d 768 (Colo. 1934), in support of this argument. However, none of the cases cited by petitioner hold that the 2-year period provided for in Colo. Rev. Stat. sec. 7-8-122 is a statute of limitations. In fact, the Supreme Court of Colorado has held otherwise. In Casselman v. Denver Tramway Corp., 577 P.2d 293 (Colo. 1978), the Court had to determine whether the Colorado statute addressing whether a dissolved Delaware corporation could be sued was a "procedural" statute and, therefore, would be applied because it was the law of the forum. It found that: the court of appeals erred in characterizing the statute as a statute of limitations for choice of law purposes. Although statutes of limitations are ordinarily considered to be procedural and the forum applies its own procedural rules, nevertheless, those statutes which set forth a dissolving corporation's capacity to sue *220 or be sued must be viewed as substantive. They define whether there is an entity in existence available to be sued. * * * [Id. at 295.]
Because the Court found that Colo. Rev. Stat. sec. 7-8-122 (1973) is not a statute of limitations, Delaware law, rather than Colorado law, determined the corporation's capacity to be sued. Further, although the Supreme Court did allow an equitable recoupment defense in Bull v. United States, supra, such defense may only be raised when it arises out of the same transaction upon which the action is grounded and in an action that is otherwise jurisdictionally proper. As the Supreme Court summarized in United States v. Dalm, 494 U.S. 596, 608 (1990), our decisions in Bull and Stone stand only for the proposition that a party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related and inconsistent, but now time-barred tax claim relating to the same transaction. In both cases, there was no question but that the courts in which the refund actions were brought had jurisdiction. To date, we have *221 not allowed equitable recoupment to be the sole basis for jurisdiction.
The case at hand is not analogous to Bull. Neither party has raised any issue with regard to a "related, and inconsistent, but now time-barred tax claim". Here we are concerned with deficiencies determined against a corporation which has been dissolved and which is no longer empowered to bring suit. Moreover, because of petitioner's lack of capacity to sue, this case is not "jurisdictionally proper". See Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111 (1978); Lee Enterprises, Inc. v. Commissioner, T.C. Memo. 1992-629. Consequently, the doctrine of equitable recoupment simply does not apply. Because we have found that petitioner lacked the capacity to file the petition in this case, this case will be dismissed for lack of jurisdiction. [2]
*222 To reflect the foregoing, An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Even though we have held that we lack jurisdiction in this case, the merits of respondent's determinations may still be litigated in a transferee liability proceeding if respondent looks to the assets in the hands of the former shareholders/transferees. See Bloomington Transmission Services, Inc. v. Commissioner, 87 T.C. 586, 589 (1986); Great Falls Bonding Agency, Inc. v. Commissioner, 63 T.C. 304↩ (1974).