Herman JENKINS, Bebra Jenkins, Bonnie Bills, Travis Law, Rainey Estes, and Nathaniel Estes, Plaintiffs–Appellants,

v.

Charlotte HAYMORE, d/b/a Charlotte Cruise–N–Tours; Panama Canal Railway Company, d/b/a Panama Rail Tourism Company; Estate of Stephen O'Donnell; and Kansas City Southern Railway Company, Defendants–Appellees.

No. 06CA0846.

Colorado Court of Appeals, Div. VI.

Dec. 27, 2007.

Certiorari Granted Aug. 4, 2008.

control over the tolling provision, and I see no justification for doing so.

266

Law Office of James Peters, P.C., James J. Peters, Denver, Colorado; Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C., Qusair Mohamedbhai, Denver, Colorado, for Plaintiffs–Appellants.

Pearson, Horowitz & Burnett, P.C., Russell P. Rowe, James V. Pearson, Sean P. Paris, Denver, Colorado, for Defendant–Appellee Charlotte Haymore.

Burns, Figa & Will, P.C., Dana L. Eismeier, Jennifer M. Osgood, Greenwood Village, Colorado, for Defendants–Appellees Panama Canal Railway Company, Estate of Stephen O'Donnell, and Kansas City Southern Railway Company.

Opinion by Judge RUSSEL.

Plaintiffs, Herman Jenkins, Bebra Jenkins, Bonnie Bills, Travis Law, Rainey Estes, and Nathaniel Estes, appeal the summary judgment in favor of defendants, Charlotte Haymore, Panama Canal Railway Company, the estate of Stephen O'Donnell, and Kansas City Southern Railway Company. We affirm.

## I. Background

Plaintiffs bought tickets for a ride along the Panama Canal on a train operated by defendant Panama Canal Railway Company. In December 2001, the train on which plaintiffs were passengers collided with another train owned by the same railway company. Plaintiffs allege that they were injured in this crash.

In December 2003, plaintiffs brought this negligence suit against defendants. Defendants moved to dismiss on several grounds. Among other things, defendants argued that plaintiffs' case was barred by a one-year limitation period through the operation of Colorado's borrowing statute, section 13–80–110, C.R.S.2007.

Treating defendants' motion as a request for summary judgment, the trial court ruled that the borrowing statute applied and granted judgment in defendants' favor.

## II. Timeliness of Appeal

Defendant Haymore contends that plaintiffs' appeal is untimely under C.A.R. 4(a). We disagree.

While a notice of appeal must ordinarily be filed within forty-five days of the entry of final judgment, the appellate court may ex-

tend the deadline by thirty days. C.A.R. 4(a).

■ Here, final judgment was entered on February 23, 2006. Plaintiffs filed their notice of appeal sixty-four days later. In June 2006, a motions division of this court granted a nineteen-day extension of time on grounds of excusable neglect. We decline to revisit the motion division's ruling. *See FSDW, LLC v. First Nat'l Bank*, 94 P.3d 1260, 1262 (Colo.App.2004). Plaintiffs' appeal is therefore timely.

### III. Summary Judgment

Plaintiffs contend that the trial court erred by granting summary judgment in defendants' favor. They argue that, instead of the borrowing statute, the trial court should have applied the Uniform Conflict of Laws—Limitations Act, sections 13–82–101 to–107, C.R.S. 2007 (UCL–LA). We disagree.

### A. Standard of Review

A court may grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo.1999). The court must give the non-moving party the benefit of all inferences drawn from the undisputed facts. *HealthONE v. Rodriguez*, 50 P.3d 879, 887 (Colo. 2002).

We review de novo. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 298–99 (Colo.2003).

### B. Legislative History

Before the enactment of the UCL–LA, statutes of limitation were considered procedural law. *See, e.g., Casselman v. Denver Tramway Corp.*, 195 Colo. 241, 243, 577 P.2d 293, 295 (1978). Under this view, courts generally applied Colorado's limitation periods to all claims, regardless of where the claims arose. *Id.* This created the opportunity for forum shopping.

To reduce forum shopping, the legislature adopted a borrowing statute that barred any claim that (1) arose in another state and (2) would not have been cognizable in that state because of the failure to satisfy that state's statute of limitations. *See Wyatt v. United Airlines, Inc.*, 638 P.2d 812, 813 (Colo.App. 1981).

In 1984, the legislature repealed the borrowing statute and adopted the UCL–LA. Ch. 113, secs. 1–4, §§ 13–82–101 to –107, 1984 Colo. Sess. Laws 477–78. The UCL–LA addresses forum shopping in a different way. It treats limitation periods as substantive law subject to Colorado's choice of law rules:

> (1) Except as provided in section 13–82–106, if a claim is substantively based:

> (a) Upon the law of one other state, the limitation period of that state applies; or

> (b) Upon the law of more than one state, the limitation period of one of those states chosen by the law of conflict of laws of this state applies.

> (2) The limitation period of this state applies to all other claims.

§ 13–82–104, C.R.S.2007; *see also* § 13–82–103(2), C.R.S.2007 (the term "state" includes a foreign country).

The UCL–LA also contains an escape clause that allows the trial court to avoid unfair results. § 13–82–106, C.R.S.2007.

In 1986, without amending or repealing the UCL–LA, the legislature reenacted a borrowing statute. Ch. 114, sec. 1, § 13–80–110, 1986 Colo. Sess. Laws 700. The current borrowing statute provides:

> If a cause of action arises in another state or territory or in a foreign country and, by the laws thereof, an action thereon cannot be maintained in that state, territory, or foreign country by reason of lapse of time, the cause of action shall not be maintained in this state.

§ 13–80–110.

Here, both the borrowing statute and the UCL–LA apply by their terms to plaintiffs' claims.

### C. Conflicting Statutes

Although the parties assume that the borrowing statute conflicts with the UCL–LA, we are obliged to consider whether the provi-

sions may be harmonized. *See Bd. of County Comm'rs v. Bainbridge, Inc.,* 929 P.2d 691, 699 (Colo.1996) (statutes must be construed to give harmonious effect to all parts). We therefore have examined the possibility of construing the borrowing statute as a substantive provision. (Under this view, the borrowing statute would be given effect only if a court determined, through application of the UCL–LA, that a particular claim was governed by Colorado substantive law.) But we reject this interpretation for two reasons.

First, by virtue of their function, borrowing statutes have traditionally been regarded as choice of law provisions. *See, e.g., Employers Ins. of Wausau v. Ehlco Liquidating Trust,* 309 Ill.App.3d 730, 243 Ill.Dec. 384, 723 N.E.2d 687, 693 (1999); *Malone v. Sewell,* 168 S.W.3d 243, 253 (Tex.App.2005).

Second, if the borrowing statute were treated as a substantive provision, it would increase the possibility of an "eternal renvoi"—a situation in which two jurisdictions' statutes create an endless loop by indicating that the other's law should apply. *See generally Hobbs v. Firestone Tire & Rubber Co.,* 195 F.Supp. 56, 58–63 (N.D.Ind.1961) (discussing renvoi doctrine).

Accordingly, we agree that the statutes conflict, and we undertake the task of selecting the governing provision.

When choosing between statutes that govern limitation periods, courts employ three rules: (1) the more specific statute applies; (2) a later enacted statute controls over an earlier enacted statute; and (3) courts should select the statute that provides the longer limitation period. *Reg'l Transp. Dist. v. Voss,* 890 P.2d 663, 668 (Colo.1995); *In re Marriage of Morris,* 32 P.3d 625, 627 (Colo.App.2001); *see also* § 2–4–205, C.R.S. 2007 (special provision prevails as an exception to general); § 2–4–206, C.R.S.2007 (statute with latest effective date prevails).

Employing these rules, we conclude that this case is controlled by the borrowing statute:

1.  The borrowing statute is more specific than the UCL–LA, which applies by its terms to all cases.

2.  The current borrowing statute was enacted after the UCL–LA and has a later effective date.

3.  We need not address which statute leads to a longer limitation period in this case because courts have consistently applied a more specific statute over a general one, even when this yielded a shorter limitation period. *See Persichini v. Brad Ragan, Inc.,* 735 P.2d 168, 172–73 (Colo.1987) (specific three-year statute controls over general six-year statute); *Mohawk Green Apartments v. Kramer,* 709 P.2d 955, 957 (Colo.App.1985) (specific two-year statute controls over general six-year statute).

### D. Escape Clause

Plaintiffs further argue that, even if the borrowing statute generally controls over the UCL–LA, the trial court could have awarded relief under the UCL–LA's escape clause, section 13–82–106. We disagree.

Plaintiffs' argument is defeated by the plain language of the escape clause. By its terms, the provision applies only when a court determines under the UCL–LA (and not under the borrowing statute) that a claim is barred by the limitations period of another state:

> If the court determines that the limitation period of another state *applicable under sections 13–82–104 and 13–82–105* is substantially different from the limitation period of this state and has not afforded a fair opportunity to sue upon or imposes an unfair burden in defending against the claim, the limitation period of this state applies.

§ 13–82–106 (emphasis added).

We recognize that this interpretation sharply curtails the trial court's ability to achieve fair results under the escape clause. But we are required to give effect to the plain language of the legislature's enactments. *See Romero v. People,* 179 P.3d 984, 986 (Colo.2007) ("If the statutory language is clear and unambiguous, we do not engage in further statutory analysis."). And we conclude that this result is the unavoidable side effect of the legislature's decision to address

one problem (forum shopping) through two conflicting schemes.

### IV. Other Arguments

 Plaintiffs argue that the trial court failed to consider the limitations law of the Cayman Islands for purposes of the borrowing statute. We do not address this argument because it was not presented to the trial court. *See Timm v. Reitz,* 39 P.3d 1252, 1255 (Colo.App.2001).

Plaintiffs also argue that (1) there is, or should be, an implied exception to the borrowing statute for residents, and (2) application of Panama's one-year limitation period violates their constitutional rights. We do not address these issues because they were raised for the first time in the reply brief. *See People v. Czemerynski,* 786 P.2d 1100, 1107 (Colo.1990).

The judgment is affirmed.

Judge CARPARELLI and Judge HAWTHORNE concur.